# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 22, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

    *Re:*    **Calderon v. Royal Elite Palace Caterers LLC,** *et al.*
              **Case No.: 1:21-cv-6367 (EK) (MMH)**
              <u>**MLLG File No.: 19-2022**</u>

Dear Judge Komitee:

      This office was recently retained as counsel to individual Defendants Alexandra Hiaeve ("Hiaeve"), Roben Katanov ("Katanov"), and Yuri Yonayev ("Yonayev") (collectively hereinafter the "Former Owner Defendants") in the above-referenced case.

      The Former Owner Defendants write to respectfully request an extension of time until Wednesday, March 9, 2022 to respond to the Plaintiff's complaint in this case.[1] The reason for this request is because your undersigned was only recently retained and needs the additional time to review the 317-paragraph complaint. There have been no previous requests by the Former Owner Defendants for an extension of the deadline to respond to the complaint in this case. The adversary consents to the requested extension of time based on the Plaintiff's stipulation with the Former Owner Defendants that: (i) the Former Owner Defendants each accept service of process and each waive all defenses based on any defects in service; and (ii) the certificate of default entered against Katanov is vacated.

      Accordingly, the Former Owner Defendants respectfully submit that they have established sufficient good cause for this Court to exercise its discretion in favor of granting the requested extension of time. <u>See</u> Fed. R. Civ. P. 6(B)(1)(A).

---

[1] According to the docket report in this case, Katanov was purportedly served on December 7, 2021 and he was required to appear on or before December 28, 2021. <u>See</u> Docket Entry 18. Yonayev was purportedly served on January 26, 2022 and was required to appear on or before February 16, 2022. <u>See</u> Docket Entry 32. As for Hiaeve, Plaintiff has not been able to serve her and she has been given an extension of time until April 14, 2022 to so serve Hiaeve. <u>See</u> Docket Entries 33 and Text Only Order dated February 16, 2022. Meanwhile, at the request of the Plaintiff, a certificate of default has been filed against Katanov on February 1, 2022. <u>See</u> Docket Entries 30-31. All issues concerning service and Katanov's default have been resolved by and between Plaintiff and the Former Owner Defendants as set forth further herein.

Moreover, good cause exists to vacate the certificate of default entered against Katanov. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), the Court "may set aside an entry of default *sua sponte* for good cause." See Negrin v. Kalina, No. 09-CIV.-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012); see also Fed. R. Civ. P. 55(c). "Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." See Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). Moreover, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the ... standard for setting aside a default judgment ... pursuant to Rule 60(b)."[2] See Grosso v. Radice, No. 07-CIV.-3620, 2007 WL 4441022, at *1 (E.D.N.Y. Dec. 10, 2007) (internal quotation marks and citations omitted).

To evaluate good cause, the Court considers: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" See Murray Eng'g, P.C. v. Windermere Props. LLC, No. 12-CIV.-52, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Peterson v. Syracuse Police Dep't, 467 Fed. Appx. 31, 33 (2d Cir. 2012)). When considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" See Murray, 2013 WL 1809637, at *3 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Indeed, the Second Circuit has made clear that it prefers that disputes "'be resolved on the merits, not by default.'" See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CIV.-3073, 2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), aff'd, 677 Fed. Appx. 719 (2d Cir. 2017) (quoting Azikiwe v. Nigeria Airways Ltd., No. 03-CIV.-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006)). Further, Rule 1 provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Here, good cause abounds to vacate the certificate of default and all the factors to be weighed by this Court militate in favor of same. With respect to the first factor, Katanov is an immigrant who does not have a strong command of the English language and is not aware of any service of process upon him; he learned of this lawsuit from one of the other Defendants in this case and was only then alerted to the existence of same. With respect to the second, Plaintiff can point to no prejudice in setting aside the default and has, in fact, consented to vacate the certificate of default. With respect to the final factor, among other things, Katanov does not qualify as Plaintiff's employer under federal, state, and local law. Accordingly, good cause exists to vacate the certificate of default.

The Former Owner Defendants thus respectfully request that this Court enter an Order extending their time to respond to the complaint to Wednesday, March 9, 2022 and to vacate the certificate of default against Katanov. The Former Owner Defendants thank this honorable Court for its time and attention to this case.

---

[2] Notably, despite obtaining a certificate of default on February 1, 2022, Plaintiff has not moved this Court for a default judgment against Katanov.

Dated: Lake Success, New York
      February 22, 2022                    Respectfully submitted,

                                       **MILMAN LABUDA LAW GROUP PLLC**

                                       */s/ Emanuel Kataev, Esq.*
                                       Emanuel Kataev, Esq.
                                       3000 Marcus Avenue, Suite 3W8
                                       Lake Success, NY 11042-1073
                                       (516) 328-8899 (office)
                                       (516) 303-1395 (direct dial)
                                       (516) 328-0082 (facsimile)
                                       emanuel@mllaborlaw.com

                                       *Attorneys for Defendants*
                                       *Alexandra Hiaeve*
                                       *Roben Katanov*
                                       *Yuri Yonayev*


**VIA ECF**
All counsel of record