

March 11, 2022

<u>VIA ECF</u>

Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    <u>*Calderon v. Royal Elite Palace Caterers LLC et al.,*</u>
               <u>Index No. 1:21-cv-06367</u>

Dear Judge Komitee:

      This office, along with the Law Office of Jillian T. Weiss, P.C., represents Plaintiff Alicia Calderon in the above referenced matter. We write, with the consent of Defendants' counsel, in response to your Honor's Order dated February 25, 2022, to explain the basis for Plaintiff's requested motion to dismiss with prejudice Defendants Elite Palace LLC, Abhi Vaynshteyn, Simon Alishaev, 6902 Garfield Avenue LLC and Igor Tsan (collectively, "Defendants"), [ECF 28], and why the proposed dismissal as to Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and corresponding state law claims are not subject to Court review pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

**I.**    **Background**

      On November 16, 2021, Plaintiff brought this suit alleging violations of the FLSA, New York Labor Law ("NYLL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). In her complaint, Plaintiff named, and thereafter served, a number of defendants believed to be involved in the violations alleged: Royal Elite Palace Caterers LLC, Elite Palace LLC, 6902 Garfield Avenue LLC, 6902 Garfield IZ, LLC d/b/a Da Mikelle Palazzo, Simon Alishaev, Alexandra Hiaeve, Igor Tsan, Abhi Vaynshteyn, Aba Cohen, Roben Katanov, and Yuri Yonayev. At the time of the filing of her complaint, Plaintiff included all defendants in good faith given the information available to her.

      After service, Plaintiff's counsel conferred with counsel for Defendants as to their inclusion in this matter and potential grounds for dismissal. During these discussions, counsel for Simon

| BROOKLYN | QUEENS | STATEN ISLAND | LONG ISLAND | WESTCHESTER |
|---|---|---|---|---|
| 301 GROVE STREET | 92-10 ROOSEVELT AVENUE | 161 PORT RICHMOND AVENUE | 1090 SUFFOLK AVENUE | 46 WALLER AVENUE |
| BROOKLYN, NY 11237 | JACKSON HEIGHTS, NY 11372 | STATEN ISLAND, NY 10302 | BRENTWOOD, NY 11717 | WHITE PLAINS, NY 10605 |
| TEL 718 418 7690 | TEL 718 565 8500 | TEL 718 727 1222 | TEL 631 231 2220 | TEL 914 948 8466 |
| FAX 718 418 9635 | FAX 718 565 0646 | FAX 718 981 8077 | FAX 631 231 2229 | FAX 914 948 0311 |

**WWW.MAKETHEROADNY.ORG**

Alishaev and 6902 Garfield Avenue LLC provided sufficient information to demonstrate that neither Alishaev nor 6902 Garfield Avenue had control over Plaintiff's employment as the individual and corporate owners of the real property where Ms. Calderon was employed. Similarly, conversations with counsel for Elite Palace LLC, Abhi Vaynshteyn, and Igor Tsan made clear that none of these parties were affiliated with the business at which Plaintiff was employed during the relevant time period.  Relying on this information, Plaintiff proceeded to file a Letter Motion for Voluntary Dismissal of Defendants pursuant to Fed. R. Civ. P. (Rule) 41(a)(2) on January 21, 2022. [ECF 28]

## II.    A *Cheeks* Review is Inappropriate Because Plaintiff's Voluntary Dismissal Request is Pursuant to Rule 41(a)(2) and Does Not Implicate Rule 41(a)(1).

As a preliminary matter, *Cheeks* review only applies to dismissal of Plaintiff's FLSA claims and corresponding claims under NYLL, and does not implicate her claims under Title VII, the NYSHRL, and the NYCHRL.

Furthermore, *Cheeks* review does not apply to dismissals sought under Rule 41(a)(2). According to *Cheeks*, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court… to take effect." *Cheeks* 796 F.3d at 206.  Thus, parties who seek dismissal of their FLSA claims because of a private settlement must submit their agreement to the court for review and demonstrate why dismissal is appropriate under *Cheeks*.  *See Carson v. Team Brown Consulting, Inc.,* 416 F.Supp. 3d 137, 144 (E.D.N.Y. 2017) (holding that *Cheeks* review is necessary for any settlement agreement or joint stipulation the parties may enter into regarding FLSA claims); *see also Bazile v. Asset Protection Group LLC.,* No. 18-CV-6820, 2019 WL 7985168 at *2 (E.D.N.Y. Nov. 27, 2019) (concluding that *Cheeks* review is required for bifurcated settlement agreement regarding FLSA and NYLL claims).  However, where dismissal is requested for reasons other than a private settlement agreement or a jointly signed stipulation, a *Cheeks* analysis is inappropriate. *See Carbajal v. Miller Bros. Landscape Maintenance*, *LLC*., No. 18-CV-7070, 2020 WL 578822 at *3, *6 n.3 (E.D.N.Y. Jan. 3, 2020) (noting that a *Cheeks* review was inapplicable to the plaintiff's Rule 41(a)(2) motion for voluntary dismissal, because none of the parties had entered into a settlement agreement, and because the parties neither filed, nor jointly signed a stipulation of dismissal).

Here, Plaintiff has not reached a settlement agreement nor has she entered into a joint stipulation with Defendants.  Rather, Plaintiff seeks to dismiss Defendants based on information obtained after filing her complaint regarding Defendants' involvement or lack thereof in the facts alleged.  Because Plaintiff has not sought a stipulated dismissal with prejudice under Rule 41(a)(1)(A)(ii), but rather seeks voluntary dismissal with prejudice under Rule 41(a)(2), *Cheeks* does not apply.

## III.    Plaintiff's Voluntary Dismissal with Prejudice Request Pursuant to Rule 41(a)(2) Must be Granted as to all Claims against Defendants

A party's 41(a)(2) motion for voluntary dismissal that does not implicate 41(a)(1) simply "requires court approval…  on terms that the court considers proper." *Guarnero-Ruiz v. 36-06 Food, LLC,* No. 17-CV-3178, 2017 WL 7049543 *5 (E.D.N.Y. Dec. 11, 2017) (quoting Rule

41(a)(2)); *see also Gonzales v. Marabella Pizza, LLC,* No. 18-CV-4052, 2019 WL 4261946 at *1 (E.D.N.Y. Aug. 23, 2019) (applying Rule 41(a)(2) analysis to plaintiff's motion to voluntarily dismiss FLSA and NYLL claims against defendants where the plaintiff no longer wished to pursue litigation against them). If a plaintiff seeks dismissal with prejudice solely under Rule 41(a)(2), the request must be granted. *See Bynum v. Maplebear Inc.,* 209 F.Supp. 3d 528, 536 (E.D.N.Y. 2016) (concluding that a plaintiff's request for voluntary dismissal with prejudice pursuant to 41(a)(2) must be granted 'since such a dismissal is a complete adjudication of the claims and a bar to further action… [a district court] cannot force an unwilling plaintiff to go to trial').

As detailed in Section I, Plaintiff sought dismissal of Defendants, because Plaintiff has been provided sufficient information since the filing of the complaint to demonstrate that none of the Defendants were involved in Ms. Calderon's employment during the relevant time period. Upon learning this information, Plaintiff promptly filed for Defendants' dismissal to ensure the case continues only against the appropriate and relevant parties. Because dismissal is sought *with* prejudice, dismissal of Defendants will be a bar to further action against them, and thus no prejudicial effects would result from their dismissal. As articulated by the court in *Bynum,* Plaintiff's requested dismissal under 41(a)(2) must be honored.

## IV.    Conclusion

For the reasons stated above, we respectfully request that the court grant Plaintiff's motion to voluntarily dismiss with prejudice defendants Elite Palace LLC, Abhi Vaynshteyn, Simon Alishaev, 6902 Garfield Avenue LLC and Igor Tsan, without fees or costs to any party.

Respectfully submitted,

**MAKE THE ROAD NEW YORK**

/s Estee L. Ward
Estee L. Ward
92-10 Roosevelt Ave.
Jackson Heights, NY 11372
(718) 565-8500
Estee.Ward@MaketheRoadNY.org
*Counsel for Plaintiffs*