UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

ALICIA CALDERON,

          Plaintiff,

   -against-

ROYAL ELITE PALACE CATERERS LLC, ELITE
PALACE LLC, 6902 GARFIELD AVENUE LLC, 6902
GARFIELD IZ, LLC d/b/a DA MIKELLE PALAZZO,
SIMON ALISHAEV, ALEXANDRA HIAEVE, IGOR
TSAN, ABHI VAYNSHTEYN, ABA COHEN a/k/a ABA
KOLNOV a/k/a ABA KOIUNOV, ROBEN KATANOV,
and YURI YONAYEV,

          Defendants.

---------------------------------------------------------------------------X

Case No.: 1:21-cv-6367 (EK) (MMH)

**ANSWER**

    Defendants, ALEXANDRA HIAEVE, ROBEN KATANOV, and YURI YONAYEV, (collectively hereinafter the "Former Owner Defendants"), by and through their attorneys, MILMAN LABUDA LAW GROUP PLLC, answer Plaintiff's Complaint, upon information and belief, as follows:

### AS TO "PRELIMINARY STATEMENT"

1.  Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 1 of the Complaint concerning the statutes under which she brought this case, but deny any violations of said statutes.

2.  Former Owner Defendants deny the allegations contained in ¶ 2 of the Complaint.

3.  Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 3 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

4.  Former Owner Defendants deny the allegations contained in ¶ 4 of the Complaint.

5.      Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 5 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

**AS TO "PARTIES"**

6.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8.      Former Owner Defendants deny the allegations contained in ¶ 8 of the Complaint.

9.      The allegations in ¶ 9 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 9 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

10.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the Complaint.

11.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Complaint.

12.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the Complaint.

13.     Former Owner Defendants deny the allegations contained in ¶ 13 of the Complaint.

14.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint.

15.     Former Owner Defendants deny the allegations contained in ¶ 15 of the Complaint.

16.     Former Owner Defendants deny the allegations contained in ¶ 16 of the Complaint.

17.     The allegations in ¶ 17 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 17 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

18.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Complaint.

19.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Complaint.

20.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint.

21.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Complaint.

22.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint.

23.     The allegations in ¶ 23 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 23 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

24.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Complaint.

25.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Complaint.

26.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Complaint.

27.     The allegations in ¶ 27 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 27 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

28.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint.

29.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Complaint.

30.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint.

31.     Former Owner Defendants deny the allegations contained in ¶ 31 of the Complaint.

32.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Complaint.

33.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 of the Complaint.

34.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the Complaint.

35.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the Complaint.

36.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 36 of the Complaint.

37.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 36 of the Complaint, except that the Former Owner Defendants are residents of the State of New York.

38.     No response is required to ¶ 38 of the Complaint.  To the extent that ¶ 38 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

39.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 39 of the Complaint.

40.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the Complaint.

41.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Complaint.

42.     The allegations in ¶ 42 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 42 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

43.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 43 of the Complaint.

44.     The allegations in ¶ 44 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 44 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations, and deny those allegations with respect to the Former Owner Defendants.

45.     The allegations in ¶ 45 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 45 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations, and deny those allegations with respect to the Former Owner Defendants.

46.     The allegations in ¶ 46 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 46 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations, and deny those allegations with respect to the Former Owner Defendants.

47.     No response is required to ¶ 47 of the Complaint.  To the extent that ¶ 47 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

### AS TO "PROCEDURAL HISTORY"

48.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the Complaint.

49.     The allegations in ¶ 49 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 49 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

50.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the Complaint.

51.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the Complaint.

52.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the Complaint.

53.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the Complaint.

54.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 54 of the Complaint.

55.     The allegations in ¶ 55 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 55 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

56.     The allegations in ¶ 56 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 56 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

## AS TO "JURISDICTION AND VENUE"

57.     The allegations in ¶ 57 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 57 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

58.     The allegations in ¶ 58 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 58 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

59.     The allegations in ¶ 59 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 59 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

60.     The allegations in ¶ 60 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 60 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

61.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Complaint, except Former Owner Defendants admit that they each reside in the Eastern District of New York.

### AS TO "FACTS – CLAIMS UNDER TITLE VII, NYSHRL, AND NYCHRL"

**As to "Ms. Calderon was a cook for Royal Elite Palace and Mr. Dezoraiev supervised her from her hiring in summer 2013 to her termination on or about June 21 2019[1]**

62.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Complaint.

63.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the Complaint.

64.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 of the Complaint.

65.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 65 of the Complaint.

66.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Complaint.

---

[1] To the extent that this is an allegation of fact to which Former Owner Defendants must respond, Former Owner Defendants admit the allegations contained in this heading.

67.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the Complaint.

**As to "Defendants began harassing Ms. Calderon when she began her gender transition"[2]**

68.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 68 of the Complaint.

69.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 69 of the Complaint.

70.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 70 of the Complaint.

71.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 71 of the Complaint.

72.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 72 of the Complaint.

73.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 73 of the Complaint.

74.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 74 of the Complaint.

75.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 75 of the Complaint.

76.      Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 76 of the Complaint.

---

[2] To the extent that this is an allegation of fact to which Former Owner Defendants must respond, Former Owner Defendants deny the allegations contained in this heading.

77.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 77 of the Complaint.

78.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 78 of the Complaint.

79.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 79 of the Complaint.

80.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 80 of the Complaint.

81.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 81 of the Complaint.

82.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 82 of the Complaint.

83.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 83 of the Complaint.

84.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 84 of the Complaint.

85.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 85 of the Complaint.

86.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 86 of the Complaint.

87.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 87 of the Complaint.

88.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 88 of the Complaint.

89.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 89 of the Complaint.

90.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 90 of the Complaint.

91.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 91 of the Complaint.

92.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 92 of the Complaint.

**As to "Mr. Ariza later began to physically harass Ms. Calderon"[3]**

93.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 93 of the Complaint.

94.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 94 of the Complaint.

95.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 95 of the Complaint.

96.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 96 of the Complaint.

97.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 97 of the Complaint.

---

[3] To the extent that this is an allegation of fact to which Former Owner Defendants must respond, Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this heading.

98.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 98 of the Complaint.

99.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 99 of the Complaint.

100.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 100 of the Complaint.

101.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 101 of the Complaint.

102.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 102 of the Complaint.

103.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 103 of the Complaint.

104.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 104 of the Complaint.

105.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 105 of the Complaint.

106.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 106 of the Complaint.

107.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 107 of the Complaint.

108.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 108 of the Complaint.

109.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 109 of the Complaint.

110.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 110 of the Complaint.

111.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 111 of the Complaint.

112.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 112 of the Complaint.

113.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 113 of the Complaint.

114.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 114 of the Complaint.

115.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 115 of the Complaint.

116.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 116 of the Complaint.

117.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 117 of the Complaint, and Defendant Alexandra Hiaeve specifically denies that Plaintiff notified her of these events.

118.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 118 of the Complaint.

119.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 119 of the Complaint.

120.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 120 of the Complaint.

121.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 121 of the Complaint.

122.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 122 of the Complaint.

**As to "The first police call."**

123.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 123 of the Complaint.

124.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 124 of the Complaint.

125.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 125 of the Complaint.

126.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 126 of the Complaint.

127.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 127 of the Complaint.

128.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 128 of the Complaint.

129.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 129 of the Complaint.

130.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 130 of the Complaint, and Defendant Alexandra Hiaeve specifically denies these allegations.

131.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 131 of the Complaint.

132.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 132 of the Complaint.

133.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 133 of the Complaint.

134.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 134 of the Complaint.

135.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 135 of the Complaint.

**As to "The second police call."**

136.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 136 of the Complaint.

137.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 137 of the Complaint.

138.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 138 of the Complaint.

139.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 139 of the Complaint.

140.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 140 of the Complaint.

141.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 141 of the Complaint.

142.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 142 of the Complaint.

143.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 143 of the Complaint.

144.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 144 of the Complaint.

145.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 145 of the Complaint.

146.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 146 of the Complaint.

147.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 147 of the Complaint.

148.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 148 of the Complaint.

149.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 149 of the Complaint.

150.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 150 of the Complaint.

151.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 151 of the Complaint.

**As to "The third police call."**

152.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 152 of the Complaint.

153.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 153 of the Complaint.

154.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 154 of the Complaint.

155.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 155 of the Complaint.

156.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 156 of the Complaint.

157.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 157 of the Complaint.

158.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 158 of the Complaint.

**As to "Mr. Dezoraiev fired Ms. Calderon for insisting that the harassment be stopped"**

159.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 159 of the Complaint.

160.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 160 of the Complaint.

161.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 161 of the Complaint, and Defendant Alexandra Hiaeve specifically denies these allegations.

162.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 162 of the Complaint, and Defendant Alexandra Hiaeve specifically denies these allegations.

163.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 163 of the Complaint.

164.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 164 of the Complaint.

165.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 165 of the Complaint.

166.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 166 of the Complaint.

**As to "The Defendants refused Ms. Calderon's pleas for them to stop the harassment."**

167.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 167 of the Complaint.

168.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 168 of the Complaint.

169.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 169 of the Complaint.

170.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 170 of the Complaint.

171.     Former Owner Defendants deny the allegations contained in ¶ 171 of the Complaint to the extent this allegation applies to them.

172.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 172 of the Complaint, and Defendant Alexandra Hiaeve specifically denies those allegations.

173.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 173 of the Complaint, and Defendant Alexandra Hiaeve specifically denies those allegations.

174.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 174 of the Complaint, and Defendant Alexandra Hiaeve specifically denies those allegations.

175.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 175 of the Complaint.

176.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 176 of the Complaint.

177.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 177 of the Complaint.

178.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 178 of the Complaint, except that Defendants Roben Katanov and Yuri Yonayev deny those allegations.

179.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 179 of the Complaint, except that Defendants Roben Katanov and Yuri Yonayev deny those allegations.

180.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 180 of the Complaint, except that Defendants Roben Katanov and Yuri Yonayev deny those allegations.

181.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 181 of the Complaint, except that Defendant Yuri Yonayev deny those allegations.

182.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 182 of the Complaint, except that Defendant Yuri Yonayev deny those allegations.

183.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 183 of the Complaint, except that Defendant Yuri Yonayev deny those allegations.

184.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 184 of the Complaint.

185.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 185 of the Complaint.

186.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 186 of the Complaint.

187.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 187 of the Complaint.

188.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 188 of the Complaint.

189.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 189 of the Complaint.

190.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 190 of the Complaint.

**As to "Ms. Calderon suffered emotional and dignitary injuries."**

191.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 191 of the Complaint.

192.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 192 of the Complaint.

193.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 193 of the Complaint.

194.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 194 of the Complaint.

195.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 195 of the Complaint.

196.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 196 of the Complaint.

**As to "Facts – FLSA and NYLL Claims"**

197.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 197 of the Complaint.

198.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 198 of the Complaint.

199.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 199 of the Complaint.

200.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 200 of the Complaint.

201.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 201 of the Complaint.

202.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 202 of the Complaint.

203.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 203 of the Complaint.

204.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 204 of the Complaint.

205.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 205 of the Complaint, and Defendant Alexandra Hiaeve denies those allegations.

206.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 206 of the Complaint.

207.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 207 of the Complaint.

208.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 208 of the Complaint.

209.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 209 of the Complaint.

210.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 210 of the Complaint.

211.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 211 of the Complaint.

212.     The allegations in ¶ 212 of the Complaint purport to set forth legal conclusions to which no response is required.   To the extent that ¶ 212 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

**As to "Defendants Igor Tsan, Alexandra Hiaeve, Abhi Vaynshteyn, Aba Kolnov, Roben Katanov, Yuri Yonayev, and Simon Alishaev had active, operational control over all aspects of Royal Elite Palace"**

213.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 213 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

214.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 214 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

215.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 215 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

216.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 216 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

217.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 217 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

218.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 218 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

**As to "Successors: Elite Palace, Royal Elite Palace, 6902 Garfield, and Da Mikelle Palazzo"**

219.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 219 of the Complaint.

220.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 220 of the Complaint.

221.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 221 of the Complaint.

222.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 222 of the Complaint.

223.    The allegations in ¶ 223 of the Complaint purport to set forth legal conclusions to which no response is required.  To the extent that ¶ 223 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

224.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 224 of the Complaint.

225.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 225 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

226.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 226 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

227.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 227 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

228.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 228 of the Complaint, and Defendants Alexandra Hiaeve, Roben Katanov, and Yuri Yonayev each specifically deny these allegations.

229.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 229 of the Complaint.

230.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 230 of the Complaint.

**As to "Further Allegations"**

231.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 231 of the Complaint.

232.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 232 of the Complaint.

233.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 233 of the Complaint.

234.    Former Owner Defendants deny the allegations contained in ¶ 234 of the Complaint.

**AS TO "COUNT 1"**

235.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

236.    No response is required to ¶ 236 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 236 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

237.    No response is required to ¶ 237 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 237 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

238.    No response is required to ¶ 238 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 238 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

239.    No response is required to ¶ 239 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 239 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

240.    No response is required to ¶ 240 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 240 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

241.    No response is required to ¶ 242 of the Complaint on the grounds that this Count is not asserted against the Former Owner Defendants.  To the extent that ¶ 242 sets forth any allegations of fact to which a response is required, Former Owner Defendants deny those allegations.

**AS TO "COUNT 2"**

242.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

243.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 243 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

244.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 244 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

245.    Former Owner Defendants deny the allegations contained in ¶ 245 of the Complaint.

246.    Former Owner Defendants deny the allegations contained in ¶ 246 of the Complaint.

247.    Former Owner Defendants deny the allegations contained in ¶ 247 of the Complaint.

**AS TO "COUNT 3"**

248.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

249.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 249 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

250.    Former Owner Defendants deny the allegations contained in ¶ 250 of the Complaint.

251.    Former Owner Defendants deny the allegations contained in ¶ 251 of the Complaint.

**AS TO "COUNT 4"**

252.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

253.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 253 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

254.    Former Owner Defendants deny the allegations contained in ¶ 254 of the Complaint.

255.    Former Owner Defendants deny the allegations contained in ¶ 255 of the Complaint.

256.    Former Owner Defendants deny the allegations contained in ¶ 256 of the Complaint.

## AS TO "COUNT 5"

257.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

258.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 258 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

259.    Former Owner Defendants deny the allegations contained in ¶ 259 of the Complaint.

260.    Former Owner Defendants deny the allegations contained in ¶ 260 of the Complaint.

261.    Former Owner Defendants deny the allegations contained in ¶ 261 of the Complaint.

## AS TO "COUNT 6"

262.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

263.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 263 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

264.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 264 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

265.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 265 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

266.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 266 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

267.    Former Owner Defendants deny the allegations contained in ¶ 267 of the Complaint.

268.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 268 of the Complaint.

269.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 269 of the Complaint.

270.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 270 of the Complaint.

271.    Former Owner Defendants deny the allegations contained in ¶ 271 of the Complaint.

272.    Former Owner Defendants deny the allegations contained in ¶ 272 of the Complaint.

### AS TO "COUNT 7"

273.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

274.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 274 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

275.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 275 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

276.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 276 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

277.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 277 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

278.    Former Owner Defendants deny the allegations contained in ¶ 278 of the Complaint.

279.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 279 of the Complaint.

280.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 280 of the Complaint.

281.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 281 of the Complaint.

282.     Former Owner Defendants deny the allegations contained in ¶ 282 of the Complaint.

283.     Former Owner Defendants deny the allegations contained in ¶ 283 of the Complaint.

### AS TO "COUNT 8"

284.     Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

285.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 285 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

286.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 286 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

287.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 287 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

288.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 288 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

289.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 289 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

290.     Former Owner Defendants deny the allegations contained in ¶ 290 of the Complaint.

291.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 291 of the Complaint.

292.    Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 292 of the Complaint.

293.    Former Owner Defendants deny the allegations contained in ¶ 293 of the Complaint.

294.    Former Owner Defendants deny the allegations contained in ¶ 294 of the Complaint.

## AS TO "COUNT 9"

295.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

296.    Former Owner Defendants deny the allegations contained in ¶ 296 of the Complaint.

297.    Former Owner Defendants deny the allegations contained in ¶ 297 of the Complaint.

298.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 298 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

299.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 299 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

300.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 300 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

## AS TO "COUNT 11"[4]

301.    Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

302.    Former Owner Defendants deny the allegations contained in ¶ 302 of the Complaint.

303.    Former Owner Defendants deny the allegations contained in ¶ 303 of the Complaint.

304.    Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 304 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

---

[4] Perhaps because it is bad luck, Plaintiff has skipped "Count 10."

305.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 305 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

## AS TO "COUNT 12"

306.     Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

307.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 307 of the Complaint.

308.     Former Owner Defendants deny the allegations contained in ¶ 308 of the Complaint.

309.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 309 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

310.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 310 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

## AS TO "COUNT 13"

311.     Former Owner Defendants repeat and reiterate their preceding responses as if fully set forth at length herein.

312.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 312 of the Complaint.

313.     Former Owner Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 313 of the Complaint.

314.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 314 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

315.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 315 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

316.     Former Owner Defendants admit that Plaintiff make certain allegations contained in ¶ 316 of the Complaint concerning the basis of her claims, but deny that Plaintiff is entitled to any relief.

## JURY DEMAND

317.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Former Owner Defendants demand a trial by jury in this case.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not employed by Defendants Alexandra Hiaeve, Roben Katanov, and/or Yuri Yonayev.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE

The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of her claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to include a necessary party.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages, or attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that a finding is made that Defendants Alexandra Hiaeve, Roben Katanov, and/or Yuri Yonayev, which they are not, all actions taken by Former Owner Defendants were taken for legitimate, non-discriminatory reasons. As such, Former Owner Defendants did not violate any legal right possessed by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Former Owner Defendants have maintained and enforced policies prohibiting discrimination, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and have taken corrective action where appropriate. To the extent, if at all, Plaintiff experienced or perceived discrimination while allegedly in Defendants' employ, she failed to notify Defendants and unreasonably failed to avail herself of the preventive and corrective opportunities provided by Defendants. Alternatively, to the extent, if at all, Plaintiff notified Defendants of any discrimination and/or availed herself of the preventive and corrective opportunities provided to her, Defendants promptly investigated and, if and to the extent appropriate, took corrective action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any adverse employment action against Plaintiff was for legitimate nondiscriminatory reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in misconduct, prior to or during her employment which would have resulted in denial of her employment or in termination of her employment, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Former Owner Defendants deny that Plaintiff suffered any emotional distress as a result of actions taken by Defendants, and that any emotional distress suffered by Plaintiff is attributable to causes wholly independent of Defendants' alleged actions, including at the hands of other Defendants and necessary parties which Plaintiff failed to include.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction of Plaintiff's state law claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages for emotional distress is barred by the exclusivity provisions of the New York State Workers' Compensation Law, §§ 10-11.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she suffered unwelcome harassment such that: the workplace was permeated with discriminatory intimidation, ridicule, and insult; she was harassed because of her membership in a protected class; the harassment was sufficiently severe or pervasive to alter conditions of her employment and create an abusive work environment; and there is a specific basis of imputing the harassment to Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to meet conditions precedent prior to asserting her Title VII claims and the United States Equal Employment Opportunity Commission ("EEOC") failed to attempt conciliation in violation of 42 U.S.C § 2000e–5, her claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide a copy of her Complaint to the New York City Commission on Human Rights and Corporation Counsel in violation of NYC Administrative Code 8-502.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to establish that she suffered an adverse employment action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she was treated less well on account of her membership in a protected class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff welcomed the conduct she complains of.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not qualified for her position.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Former Owner Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

Any allegations not specifically addressed are denied. Defendants reserve the right to amend this Answer up to and including the time of trial.

**WHEREFORE**, Defendants pray that the Court dismiss the Complaint in its entirety including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that this honorable Court deems just and proper.

Dated: Lake Success, New York
      March 14, 2022                    Respectfully submitted,

                                             **MILMAN LABUDA LAW GROUP PLLC**

                                             _____*/s Emanuel Kataev, Esq.*_____
                                             Emanuel Kataev, Esq.
                                             3000 Marcus Avenue, Suite 3W8
                                             Lake Success, NY 11042-1073
                                             (516) 328-8899 (office)
                                             (516) 303-1395 (direct dial)
                                             (516) 328-0082 (facsimile)
                                             emanuel@mllaborlaw.com

                                             *Attorneys for Defendants*
                                             *Alexandra Hiaeve*
                                             *Roben Katanov*
                                             *Yuri Yonayev*