

March 28, 2022

**VIA E-FILING**

Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *Calderon v. Royal Elite Palace Caterers LLC et al.* – Case No. 1:21-cv-6367

**LETTER MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT 6902 GARFIELD IZ, LLC d/b/a DA MIKELLE PALAZZO**

Dear Judge Komitee:

      This office, along with the Law Office of Jillian T. Weiss, P.C., represents Plaintiff Alicia Calderon in the above referenced matter. After discussions with the above-named Defendant, the Plaintiff has determined that there is no longer a reasonable basis for proceeding with her claims against Defendant in this matter. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff requests that the Court order dismissal with prejudice of Defendant 6902 Garfield IZ, LLC d/b/a Da Mikelle Palazzo, without fees or costs to any party.

      A federal trial court may dismiss an action at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice, unless the order states otherwise. *Id*. Where the plaintiff requests voluntary dismissal without prejudice, the Court must consider four factors in determining whether to grant the motion: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univer*sity, 900 F.2d 12, 14 (2d Cir.1990). Conversely, where, as here, the plaintiff requests that the claims be dismissed with prejudice, *Zagano* does not apply. *Williams v. Johnson*, 2021 WL 185413 at *3 (S.D.N.Y. 2021) (BCM).

      Furthermore, as detailed in Plaintiff's letter to the Court filed on March 11, 2022, a request to dismiss claims under the Fair Labor Standards Act (FLSA) pursuant to Rule 41(a)(2) does not warrant Court review pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d

| BROOKLYN | QUEENS | STATEN ISLAND | LONG ISLAND | WESTCHESTER |
|---|---|---|---|---|
| 301 GROVE STREET | 92-10 ROOSEVELT AVENUE | 161 PORT RICHMOND AVENUE | 1090 SUFFOLK AVENUE | 46 WALLER AVENUE |
| BROOKLYN, NY 11237 | JACKSON HEIGHTS, NY 11372 | STATEN ISLAND, NY 10302 | BRENTWOOD, NY 11717 | WHITE PLAINS, NY 10605 |
| TEL 718 418 7690 | TEL 718 565 8500 | TEL 718 727 1222 | TEL 631 231 2220 | TEL 914 948 8466 |
| FAX 718 418 9635 | FAX 718 565 0646 | FAX 718 981 8077 | FAX 631 231 2229 | FAX 914 948 0311 |

WWW.MAKETHEROADNY.ORG

Cir. 2015). [ECF 39]. According to *Cheeks*, Parties who seek dismissal of their FLSA claims under Rule 41(a)(1)(A)(ii) because of a private settlement must submit their agreement to the court for review and demonstrate why dismissal is appropriate. *Cheeks* 796 F.3d at 206. Where dismissal is requested for reasons other than a private settlement agreement or a jointly signed stipulation, a *Cheeks* analysis is inappropriate. *See Carbajal v. Miller Bros. Landscape Maintenance, LLC*., No. 18-CV-7070, 2020 WL 578822 at *3, *6 n.3 (E.D.N.Y. Jan. 3, 2020) (noting that a *Cheeks* review was inapplicable to the plaintiff's Rule 41(a)(2) motion for voluntary dismissal, because none of the parties had entered into a settlement agreement, and because the parties neither filed, nor jointly signed a stipulation of dismissal).

  Here, Plaintiff has conferred with Mr. Eduard Kushmakov, counsel for Defendant, and has determined with reasonable certainty that Defendant 6902 Garfield IZ, LLC is not a suitable defendant in this matter. Mr. Kushmakov appeared in this action on behalf of Defendant on January 13, 2022. [ECF 27]. Mr. Kushmakov answered the complaint on Defendant's behalf on February 14, 2022. [ECF 36]. He thereafter provided Plaintiff with sufficient information to demonstrate that Defendant was not involved in Plaintiff's employment during the relevant time period, nor could Defendant have had notice of her claims at the time of their filing with the Equal Employment Opportunity Commission ("EEOC") and thereafter in this Court. Plaintiff has not sought a settlement or stipulated dismissal with Defendant, and Defendant does not oppose the relief requested herein.

  Accordingly, Plaintiff requests that the Court order dismissal <u>with</u> prejudice of Defendant 6902 Garfield IZ, LLC, pursuant to Fed. R. Civ. P. 41(a)(2), without fees or costs to any party. A Proposed Order in Word format has been forwarded to the Court via email.

          Respectfully submitted,

          MAKE THE ROAD NEW YORK

          */s/ Estee Ward*

          Estee L. Ward
          92-10 Roosevelt Ave.
          Jackson Heights, NY 11372
          (718) 565-8500
          Estee.Ward@MaketheRoadNY.org
          *Counsel for Plaintiffs*