LAW OFFICE OF JILLIAN T. WEISS, P.C.
ATTORNEY AT LAW
226 PROSPECT PARK WEST, NO. 104
BROOKLYN, NEW YORK 11215
------------
(845) 709-3237
FAX: (845) 684-0160
JWEISS@JTWEISSLAW.COM
INCORPORATED IN NEW YORK
ADMITTED NEW YORK AND NEW JERSEY ONLY

August 31, 2022

**BY ECF**

Honorable Marcia M. Henry
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Calderon v. Royal Elite Palace Caterers LLC, et al., 1:21-cv-6367 (EK) (MMH)**

Dear Judge Henry,

I represent the Plaintiff in the above referenced action. I write to move the court for leave to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

## I. Background facts.

Ms. Alicia Calderon was a cook for Royal Elite Palace Caterers LLC and its predecessor at the same location, Elite Palace LLC, from her hiring in summer 2013 to her termination on or about June 21, 2019. Complaint (ECF 1) at ¶ 8. In January or February 2017, Ms. Calderon began to adjust her gender expression to match with her gender identity, a process commonly known as "gender transition." *Id.* at ¶ 68. Many coworkers noticed the gradual changes in Ms. Calderon's appearance and began making disapproving comments to her or gossiping about her with other coworkers. *Id.* at ¶ 70-72.

A coworker, Jose Ariza, started regularly harassing Ms. Calderon because of her gender identity, and encouraging other co-workers to do so as well. *Id.* at ¶ 73-76. She was called a "puta" (in English, "bitch") or "maricon" (in English, "fag"), or tell her that she was "muy fea" (in English, "very ugly"), or that she and other transwomen were all "whores" who "les gusta andar en prostitución en las calles de Jackson Heights" (in English, "want to prostitute themselves out on the streets of Jackson Heights") or words to that effect. *Id.* at ¶ 89. He made unwelcome solicitations for sexual favors. *Id.* at ¶ 104-108. Mr. Ariza also physically harassed Ms. Calderon, including groping her breasts, *id.* at ¶ 94, and other parts of her body, throwing boiling water on her body, and making a fist while threatening to punch her, id. at ¶ 109-110, 118, 127. As a result of these physical assaults, Ms. Calderon was required to call the police on three occasions. *Id.* at ¶ 129, 145 and 154. Defendants were aware of the harassment to which

Ms. Calderon was subjected, but did not take prompt and effective action to stop it. *Id.* at ¶ 72, 99, 147, 160-167.

Up until the beginning of 2019, Ms. Calderon worked six (6) days per week, around ten (10) to twelve (12) hours a day, for a total of as many as seventy (70) hours per week. *Id.* at ¶ 198. For approximately the last six (6) months of her employment, Ms. Calderon's hours were reduced, and she began working six (6) days per week, around eight (8) to ten (10) hours a day, or around forty-five (45) to fifty-five (55) hours per week. *Id.* at ¶ 199. Although Ms. Calderon consistently worked more than forty (40) hours each week, Defendants never paid her overtime compensation at a rate of at least one-and-one-half times her regularly hourly rate, as is legally required. *Id.* at ¶ 201. Instead, Ms. Calderon was paid a flat daily rate for all of the hours she worked for Defendants and there was never a written agreement written or oral between the parties as to that flat rate encompassing the overtime premium under the Law. *Id.* at ¶ 202.

Up until the beginning of 2019, the interval between the beginning and the end of Plaintiff's workday exceeded ten (10) hours. However, Ms. Calderon was never paid an additional hour at the minimum wage on the days in which her spread of hours exceeded ten (10) hours, as required by the Hospitality Industry Wage Order promulgated by the New York State Commissioner of Labor, 12 New York Codes, Rules, and Regulations ("N.Y.C.R.R.") § 146-1.6. *Id.* at 203. Defendants willfully failed and refused to furnish to Ms. Calderon written notice or a disclosure of the information required by NYLL § 195(1), including notice of any changes to her rate of pay. *Id.* at ¶ 206. In addition, Defendants willfully failed to furnish proper and accurate wage statements to Ms. Calderon as is required by NYLL § 195(3). *Id.* at ¶ 208. During the last month or two of Ms. Calderon's employment, Defendants provided her wage statements that incorrectly stated the amount of wages earned and incorrectly classified her as a salaried employee with a flat rate of six hundred ($600) per week. *Id.* at ¶ 208.

Based on these facts, the Complaint alleges counts based on Title VII, NYSHRL, NYCHRL, FLSA and NY Labor Law.

## II. Procedural History

Ms. Calderon brought a charge to the EEOC on April 15, 2020. Complaint (ECF 1) at ¶ 50. She received a notice of right to sue on August 18, 2021. *Id.* at ¶ 54. She filed her Complaint in this Court on November 16, 2021, and included 11 Defendants. After filing and service, a number of Defendants approached Plaintiff to advise that they were not involved in the operation of the catering hall where Ms. Calderon was employed. After receipt of evidence of these contentions, Plaintiff moved to dismiss six Defendants. The motion was granted by the Court on June 22, 2022 by minute Order. See Exhibit 1. This motion to amend has as its main purpose the removal of the dismissed Defendants and associated portions of the Complaint.

## III. Legal Argument

Through the Proposed First Amended Complaint, annexed hereto as Exhibit 2, Plaintiff seeks to remove six Defendants who have previously been dismissed by the Court. See June 22, 2022 minute Order, annexed hereto as Exhibit 1. These include three corporate Defendants—

Elite Palace Elite LLC, 6902 Garfield Avenue LLC, 6902 Garfield IZ LLC d/b/a Da Mikelle Palazzo—and three individual Defendants—Simon Alishaev, Igor Tsan, and Abhi Vaynshteyn. The Proposed First Amended Complaint also removes references to these Defendants throughout the Complaint.

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York,* 210 F.3d 79, 87 (2d. Cir. 2000). The Supreme Court has made clear that "[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given'." *Foman v. Davis*, 371 U.S. 178 (1962).

Allowing Plaintiff to file the First Amended Complaint would serve justice and promote judicial efficiency. There would be no undue prejudice, bad faith, undue delay, or futility by permitting this amendment. There is no undue prejudice to Defendants because this action is in its early stages, a scheduling order has only recently been entered, and no motion practice by Defendants has occurred. Discovery is in its preliminary phase. The amendment is not futile because the allegations of the Proposed First Amended Complaint support liability for violations of Title VII, NYSHRL, NYCHRL, FLSA and NY Labor Law, as Defendants have implicitly acknowledged by responding to the Complaint by answer, rather than motion. The Proposed First Amended Complaint is substantially similar in all material respects, with the exception of removing certain Defendants.

A redlined copy of the First Amended Complaint is annexed hereto as Exhibit 3.

## IV. Relief sought

For these reasons, Plaintiff respectfully requests that the Court grant her motion for leave to file a First Amended Complaint. In addition, Plaintiff requests that the Clerk be directed to amend the caption of this action as follows:

ALICIA CALDERON,

Plaintiff,

v.

ROYAL ELITE PALACE CATERERS LLC, ELITE PALACE LLC, ALEXANDRA HIAEVE, ABA COHEN a/k/a ABA KOLNOV a/k/a ABA KOIUNOV, ROBEN KATANOV, and YURI YONAYEV,

Defendants

DATED: August 31, 2022

Respectfully submitted,

/s/ Jillian T. Weiss, Esq.
Law Office of Jillian T. Weiss, P.C.
442 15th Street
Brooklyn, New York 11215
Tel: 845.709.3237
jweiss@jtweisslaw.com

*Attorney for the Plaintiff Alicia Calderon*