# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 7, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric Komitee, U.S.D.J.
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, NY 11201-1804

> *Re:*    **Calderon v. Royal Elite Palace Caterers LLC,** *et al.*
> **Case No.: 1:21-cv-6367 (EK) (MMH)**
> <u>**MLLG File No.: 19-2022**</u>

Dear Judge Komitee:

This office represents individual Defendants Alexandra Hiaeve ("Hiaeve"), Roben Katanov ("Katanov"), and Yuri Yonayev ("Yonayev") (collectively hereinafter the "Former Owner Defendants") in the above-referenced case. This letter shall serve as Defendants' letter requesting a pre-motion conference, pursuant to ¶ III(B) of this Court's Individual Practices and Rules (hereinafter "Individual Rules"), in anticipation of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

## Relevant Procedural History

This case was commenced on November 16, 2021. <u>See</u> ECF Docket Entry 1. Plaintiff's original complaint was brought against four (4) corporate entities and seven (7) individuals. <u>Id.</u> Apparently recognizing its shotgun pleading was unjustified, Plaintiff sought by letter motion to dismiss two (2) corporate defendants and three (3) individual defendants from this case on January 21, 2022 on the grounds that she has "determined that there is no longer a reasonable basis for the claims against these Defendants to proceed," and – in a later submission required by this Court on February 25, 2022 – that these defendants did not have any control over Plaintiff's employment. <u>See</u> ECF Docket Entries <u>28</u>, 39, and Text Only Orders dated February 25, 2022 and June 22, 2022.

Your undersigned appeared as counsel for the Former Owner Defendants on February 22, 2022 and subsequently obtained an Order from the Hon. Marcia M. Henry, U.S.M.J. ("Judge Henry") on March 7, 2022 extending the time to answer, including a vacatur of the certificate of default entered previously against Defendant Katanov on February 1, 2022. <u>See</u> ECF Docket Entries 31, 37, 38, and Text Only Order dated March 7, 2022. On August 10, 2022, following an initial conference before Judge Henry, this case was referred to mediation, and the Former Owner Defendants indicated they would move to dismiss for failure to state a claim and failure to include necessary parties. <u>See</u> ECF Docket Entries 49, 58, and Text Only Order dated August 10, 2022.

On August 31, 2022, Plaintiff moved for leave to amend the pleadings to remove defendants previously dismissed, which this Court granted on September 12, 2022. See ECF Docket Entry 51 and Text Only Order dated September 12, 2022. Plaintiff amended her complaint on September 19, 2022. See ECF Docket Entry 56. The relevant claims against the Former Owner Defendants are: (i) discrimination & retaliation under the New York State Human Rights Law ("NYSHRL") (Count 2);[1] (ii) discrimination & retaliation under the New York City Human Rights Law ("NYCHRL") (Count 3); (iii) aiding and abetting under the NYSHRL (Count 4); (iv) aiding and abetting under the NYCHRL (Count 5); (v) unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (Count 9); (vi) unpaid overtime wages under the New York Labor Law ("NYLL") (Count 11); (vii) unpaid spread-of-hours compensation under the NYLL (Count 12); and (viii) recordkeeping violations under the NYLL (Count 13).

**Factual Background[2]**

Plaintiff, a 29-year-old transgender woman of Latin American descent who was an employee of Royal Elite Palace Caterers LLC (the "Catering Hall"), complains of harassment and discrimination at the hands of one Jose Ariza ("Ariza"), a cook at the Catering Hall and, quizzically, a non-party in this case, for the time period of July 3, 2014 through June 21, 2019, where she was directly supervised by Shalom Dezoraiev ("Shalom"), the "head chef," and – curiously – another non-party in this case. See ECF Docket Entry 56 at ¶¶ 6, 8, 11, 20-22.

Plaintiff alleges, upon information and belief, that: (i) Hiaeve was an owner of the Catering Hall as well as employed by it as an accountant and managed the company's finances; (ii) both Katanov and Yonayev were each owners, shareholders, officers, directors, managing agents and/or principals of the Catering Hall; and (iii) Hiaeve, Katanov, Yonayev, and others had the power to control, and did in fact control, the Catering Hall and its employees and managed the day-to-day operations of the Catering Hall. Id. at ¶¶ 13, 15-17. Unlike Shalom, Plaintiff does not allege that any of the Former Owner Defendants "directly supervised" her. Notwithstanding, Plaintiff conclusorily alleges that "Defendants" "employed" her. Id. at ¶ 27.

She alleges that she was hired by the Catering Hall without specifying *who* hired her. Id. at ¶ 43.[3] She alleges, further, that throughout her employment, "her supervisor, Mr. Dezoraiev, regularly told her that she was an excellent employee and that he was grateful for the quality of and care for her work" and that "Mr. Dezoraiev often praised [her] for her cooking skills and made positive comments about the dishes she prepared for … clients." Id. at ¶¶ 54-55. Notably, such allegations are missing concerning any of the Former Owner Defendants.

---

[1] Counts 1, 6, 7, and 8 are asserted solely against Royal Elite Palace Caterers LLC, not against the Former Owner Defendants. Count 10 is missing from the complaint, and skips from 9 to 11.

[2] Although the Former Owner Defendants accept as true the allegations contained in Plaintiff's pleadings for purposes of this motion, they respectfully submit that discovery would show these purported facts are false.

[3] It is respectfully submitted that discovery would show Dezoraiev did so.

After Plaintiff began to adjust her gender expression to match with her gender identity, by – *inter alia* – growing out her hair as well as wearing makeup and more feminine clothing every day, she alleges that coworkers noticed and Dezoraiev spoke to her about this. Id. at ¶¶ 56-60. She also alleges in great detail the atrocious acts against her by Ariza, as well as the fact that *Dezoraiev* did nothing to stop Ariza from acting in this manner, or otherwise minimized Ariza's behavior. Id. at ¶¶ 61-178.

The initial allegations against Katanov and Yonayev in the amended complaint are that they are residents of the State of New York, owners, shareholders, officers, directors, managing agents, and/or principals of the Catering Hall, and had the power to control – and did in fact control – the Catering Hall and its employees and managed the day-to-day operations of the Catering Hall. See Id. at ¶¶ 15-18. In addition, Plaintiff later engages in shotgun pleading by conclusorily alleging that each of the Former Owner Defendants "had the power to establish, and did establish – directly and/or through their [unidentified] agent(s) – the terms of [Plaintiff's] employment," "directly or indirectly determined the salary to be paid to [Plaintiff]," "had the power to hire and fire employees of [the Catering Hall], and they exercised that power, whether directly or through their [unidentified] agent(s)," "worked at [the Catering Hall] on a daily basis," "had the power to control the day-to-day functions of [the Catering Hall], and did control, the day-to-day operations of [the Catering Hall]," and "directly or indirectly managed, supervised, and directed the business and operations of [the Catering Hall]." See Id. at ¶¶ 201-206.

In addition, Plaintiff specifically alleges that: (i) she wished that Defendant "Cohen" and Hiaeve would take action to make the harassment stop (Id. at ¶ 105); (ii) Hiaeve and/or "Cohen" did not allow the police to enter the premises or to speak to Mr. Ariza (Id. at ¶ 118); (iii) Plaintiff *told Dezoraiev* that he, Hiaeve, Cohen, and/or the Catering Hall must take action to stop Mr. Ariza's conduct and protect her (Id. at ¶ 149); (iv) Plaintiff also *told Dezoraiev* that if he, Hiaeve, Cohen, and/or the Catering Hall fail to act, she would file a claim against Dezoraiev and the Catering Hall (Id. at ¶ 150); (v) Plaintiff spoke with Defendant "Cohen" and Hiaeve once about Ariza, during which Defendant Cohen addressed the issue – not Hiaeve  (Id. at ¶ 160-65); (vi) Plaintiff spoke with Cohen, "Roma," and Yonayev, who acknowledged Plaintiff has rights like everyone else, but stated that there was nothing that they could do (Id. at ¶ 166-71). The only other allegation against Hiaeve is that she said Plaintiff would be paid partially in cash to avoid paying taxes. Id. at ¶ 193.

These allegations are not enough under the NYSHRL, NYCHRL, FLSA, and NYLL to establish that any of the Former Owner Defendants were Plaintiff's employer.

**The Complaint Must be Dismissed for Failure to State a Claim**

The only claims against the Former Owner Defendants fall under the NYSHRL, NYCHRL, FLSA, and NYLL. For the reasons set forth below, because the allegations in Plaintiff's amended pleading fail to establish that any of the Former Owner Defendants are an individual employer under those statutes, the claims against them must be dismissed.

i.  NYSHRL

The "NYSHRL allows for individual liability under two theories: (1) if the defendant has an ownership interest in the employer or has the authority to hire and fire employees, N.Y. Exec. Law § 296(1), and (2) if the defendant was aiding and abetting the unlawful discriminatory acts of others, id. § 296(6)."  See Dingman v. Fuji Japanese Steakhouse Sushi Inc., No. 20-CIV.-4850 (NSR), 2022 WL 4650860, at *13 (S.D.N.Y. Sept. 30, 2022).  The plaintiff also must show that the defendant "actually participate[d] in the conduct giving rise to the discrimination." See Feingold v. New York, 366 F.3d 1387, 157 (2d Cir. 2004).  Plaintiff cannot show that any of the Former Owner Defendants actually participated in Ariza's conduct.  As such, the NYSHRL claims must be dismissed.

ii.  NYCHRL

The NYCHRL claims must be dismissed as against the Former Owner Defendants for the same reasons set forth *supra*.  See Europe v. Equinox Holdings, Inc., No. 20-CIV.-7787 (JGK), 2022 WL 4124763, at *12 (S.D.N.Y. Sept. 9, 2022) (dismissing NYSHRL and NYCHRL claims where no showing was made that individual defendant actually participated in the conduct giving rise to discrimination).

iii.  FLSA & NYLL

The Second Circuit has set forth a series of non-exclusive factors for evaluating the "economic reality" of a given relationship to determine whether an employment relationship exists. See Carter v. Dutchess Community College, 738 F.2d 8, 12 (2d Cir. 1984). These factors include whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Id.; see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999).

Here, while there are conclusory allegations as to each of these elements, there is no factual content within the allegations supporting these conclusions.  In fact, Plaintiff pleads all of the foregoing facts "upon information and belief," which is unavailing.  Indeed, in the Second Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (Alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly unless plaintiff can point to some facts that make the allegations more than pure speculation").

Accordingly, the Former Owner Defendants respectfully submit that their letter motion for a pre-motion conference be granted such that a briefing schedule may be entered into for their anticipated motion.  The Former Owner Defendants apologize that they were unable to keep the instant letter motion to three (3) pages given the fact-intensive nature of the motion and various statutes in play, and respectfully seek leave, *nunc pro tunc*, for leave to file excess pages.  The Former Owner Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York        **MILMAN LABUDA LAW GROUP PLLC**
       October 7, 2022

                                __/s _____

                                Emanuel Kataev, Esq.
                                3000 Marcus Avenue, Suite 3W8
                                Lake Success, NY 11042-1073
                                (516) 328-8899 (office)
                                (516) 303-1395 (direct dial)
                                (516) 328-0082 (facsimile)
                                emanuel@mllaborlaw.com

                                *Attorneys for Defendants*
                                *Alexandra Hiaeve*
                                *Roben Katanov*
                                *Yuri Yonayev*

via ECF (all counsel of record).