LAW OFFICE OF JILLIAN T. WEISS, P.C.
ATTORNEY AT LAW
226 PROSPECT PARK WEST, NO. 104
BROOKLYN, NEW YORK 11215
------------
(845) 709-3237
FAX: (845) 684-0160
jweiss@jtweisslaw.com
INCORPORATED IN NEW YORK
ADMITTED NEW YORK AND NEW JERSEY ONLY

**VIA ECF**
October 19, 2022

Hon. Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1804

*Re:*   **Calderon v. Royal Elite Palace Caterers LLC,** *et al.* **Case No. 1:21-cv-6367 (EK) (MMH)**

Dear Judge Komitee:

The undersigned represents Plaintiff Alicia Calderon. This letter is submitted in response to the request for leave to file a motion to dismiss filed by individual Defendants Alexandra Hiaeve ("Hiaeve"), Roben Katanov ("Katanov"), and Yuri Yonayev ("Yonayev") (collectively hereinafter the "Owner Defendants").[1][2]

### A.  **The Complaint States a Valid Claim Against the Owner Defendants as to NYCHRL and NYSHRL**

The Owner Defendants make a number of arguments in support of the proposition that the Amended Complaint does not state any valid discrimination claim against them. These include the following:

1. Allegations regarding the Owner Defendants' ownership and management status "upon information and belief" are insufficient, citing FAC (First Amended Complaint) at ¶¶ 13, 15-17 and 27. Defendants argue that additional detail regarding the Owner Defendants' functions are required to attach liability to them. They refer specifically to facts regarding their ownership and management relationship to the Catering Hall, their control of employees, management of day-to-day operations, and their role in establishing the terms and conditions of employment. *Id.* at ¶¶ 15-18. Therefore, they cannot be held liable for their own discriminatory conduct or aiding and abetting the conduct of others.

---

[1] Plaintiff uses the term "Owner Defendants" because the term used by these Defendants, "Former Owner Defendants" might give the impression that these Defendants were not owners at the times relevant to Plaintiff's claims. They were owners at the times relevant to Plaintiff's claims, though at the present time they are, indeed, "former owners."

[2] Counsel apologizes to the Court for the lapse in response and appreciates the Court's *sua sponte* grant of additional time. While Plaintiff is hardly in a position to complain about timeliness, she notes that pursuant to Fed. R. Civ. P. 15(a)(3) any required response to an amended pleading "must be made within…14 days after service of the amended pleading." The Plaintiff's Amended Complaint was filed on September 19, 2022. Fourteen days from that date was October 3, 2022. The Owner Defendants' letter motion seeking leave to bring a motion to dismiss was filed on October 7, 2022. It was therefore untimely pursuant to Fed. R. Civ. P. 15(a)(3),

2. Failure to allege that Hiaeve, Katanov and Yonayev hired or "directly supervised" Ms. Calderon vitiate her claims. They argue that only a hiring supervisor or direct supervisor can be held liable for their own discriminatory conduct or aiding and abetting the conduct of others. *Id.* at ¶43
3. Defendants note that allegations in the FAC state that Ms. Calderon spoke to Mr. Dezoraiev, Mr. Cohen, Ms. Haieve and Mr. Yonayev about the severe harassment taking place. They argue that these conversations are insufficient to attach liability to the Owner Defendants. *Id.* at ¶¶ 105, 118, 149, 150, 160-171 and 193.

The Owner Defendants are going to have considerable difficulty with these arguments. The City HRL makes it unlawful for "an employer or an employee or agent thereof" to discriminate. NYC Administrative Code § 8–107[1][a]; *see also Doe v. Bloomberg*, 36 N.Y.3d, 450, 459 (2021) ("The City HRL specifically imposes primary liability on employees and agents for some discriminatory acts.") Thus, any person acting "with or on behalf of the employer in hiring, firing, paying, or in administering the 'terms, conditions or privileges of employment' – in other words, in some agency or supervisory capacity" can be held liable (citing *Kwong v City of New York*, 167 N.Y.S.3d 9, 12 (1st Dept. 2022). Individual employees may incur liability for their own discriminatory conduct, as well as for "aiding and abetting such conduct by others, or for retaliation against protected conduct." *Bueno v. Eurostars Hotel Company, S.L.*, 2022 WL 95026, at *7 (S.D.N.Y., 2022). Under the NYSHRL, individual employees may also be liable for aiding and abetting discriminatory conduct. *Id.* See also *Gerald v. DCV Holdings, Inc.*, 2021 WL 2809915, at *10 (E.D.N.Y. 2021) (denying summary judgment to two individual supervisors under NYCHRL and NYSHRL). A plaintiff may plead facts upon information and belief "where the facts are peculiarly within the possession and control of the defendant ... or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe,* 604 F.3d 110, 120 (2d Cir. 2010). Here, the specific status of the Owner Defendants is peculiarly within the possession and control of the Defendants, not Plaintiff.

A "wide range of conduct, however, may constitute participation in unlawful discrimination." *Moazzaz v. MetLife, Inc*, 2021 WL 827648, at *15 (S.D.N.Y., 2021). At the pleading stage, an individual defendant's failure to investigate a complaint of unlawful discrimination, even if not actionable "in and of itself," [g]ives rise to the inference that the defendant "encouraged, condoned or approved" the offending conduct, aiding and abetting it. *Id.* (cleaned up). "[T]he allegations that he knew of her non-promotion and did nothing suffice at this stage." *Id.* See also *Ajoku v NYS Ofc of Temporary and Disability Assistance*, 152 N.Y.S.3d 566, 567, (1st Dept. Oct. 07, 2021) (reinstating NYSHRL individual liability claim where complaint asserted he was aware of discrimination and did nothing, allowing an inference of condonation); *Black v ESPN*, 139 N.Y.S.3d 523, 524 (Sup Ct, Feb. 19, 2021) (allowing claim with allegations that individual defendants were in a position to, but failed to intervene or investigate or take remedial action).

Ms. Calderon's meetings with the Owner Defendants, Ms. Hiaeve, Mr. Cohen and Mr. Yonayev, are detailed in ¶¶ 159-172. The subject of these meetings was the harassment being experienced by Ms. Calderon. In these meetings, Ms. Calderon directly addressed each of the Owner Defendants and requested their assistance. She specifically told Mr. Cohen that he had the responsibility to address the harassment since Mr. Dezoraiev had not addressed it. She directly told him "Shalom [Dezoraiev] is your employee, but I am your employee too, and this is your company. You pay me my checks, not him," or words to that effect. ¶ 164. Mr. Cohen did not deny these facts. Defendant Hiaeve was in charge of the finances of the organization, and had the power to pay or withhold pay from Ms. Calderon. FAC ¶ 193. She and the other Owner Defendants determined Plaintiff's salary, ¶ 202, had the power to hire and fire personnel, ¶ 203, they worked at the Plaintiff's place of employment on a daily basis, ¶ 204, and they

2

controlled day to day operations, ¶ 205. These are not allegations of legal conclusions without supporting facts, rather "they testify to events that allegedly happened in Plaintiff's presence that [s]he observed directly." *Zimmerman v. Racette,* 2022 WL 4328489, at *9 (N.D.N.Y. 2022) (citing *Lewis v. Hanson*, 2022 WL 991729, at *8 (N.D.N.Y. Mar. 31, 2022) and *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010)). Where a plaintiff describes particular managers, offers their basis for believing those individuals were in charge, and state what types of information and assistance they received from these individuals, they are not deemed conclusory and will defeat a motion to dismiss. *Zavala v. PEI Electrical Services Group Inc.*, 2022 WL 2312794, at *7 (S.D.N.Y., 2022).

### B. FLSA & NYLL

Defendants argue there is no factual content in the FAC regarding the employment relationship with the Owner Defendants. In fact, there is a great deal of factual content regarding the non-exhaustive *Carter* factors. *Carter v. Dutchess Community College*, 738 F.2d 8, 12 (2d Cir. 1984). They had the power to hire and fire, they controlled work schedules, determined the rate and method of payment, and maintained employment records.

The following allegations demonstrate the connection between the Owner Defendants, the Catering Hall, and Ms. Calderon. When the police arrived, Royal Elite Palace, Alexandra Hiaeve and/or Aba Cohen did not allow the police to enter the premises or to speak to Mr. Ariza. ¶ 118. Mr. Cohen gave Ms. Calderon directions regarding how to resolve her harassment complaint. ¶ 163 She directly told Mr. Cohen "Shalom [Dezoraiev] is your employee, but I am your employee too, and this is your company. You pay me my checks, not him," or words to that effect. ¶ 164. Mr. Cohen did not deny these facts. Defendant Hiaeve was in charge of the finances of the organization, and told Ms. Calderon how and when she would be paid. FAC ¶ 193. She and the other Owner Defendants determined Plaintiff's salary, ¶ 202, they were involved in hiring and firing personnel, ¶ 203, they worked at the Plaintiff's place of employment on a daily basis, ¶ 204, and they controlled day to day operations, ¶ 205. These are not allegations of legal conclusions without supporting facts, rather "they testify to events that allegedly happened in Plaintiff's presence that [s]he observed directly." *Zimmerman,* 2022 WL 4328489, at *9. Thus, the Owner Defendants will have great difficulty in demonstrating that there are no allegations supporting the employer status of the Owner Defendants as defined in the FLSA and NYLL. These facts will be further developed if we proceed with discovery, and a motion to dismiss now is premature. Additionally, parties have an opportunity to resolve this matter during the mediation scheduled for November 14, 2022. Proceeding with the motion to dismiss would likely delay resolution.

Plaintiff is prepared to meet the arguments made by the Owner Defendants, if necessary, but suggests that it may not be a wise use of judicial resources to go through an exercise that is likely to result in a denial of the motion to dismiss.

Respectfully submitted,

| MAKE THE ROAD NEW YORK | LAW OFFICE OF JILLIAN T. WEISS, P.C. |
|---|---|
| __/s _____ | __/s _____ |
| Jose Cristobal Gutierrez, Esq. | Jillian T. Weiss |
| Make the Road New York | Law Office of Jillian T. Weiss, PC |
| 92-10 Roosevelt Avenue | 226 Prospect Park West, No 104 |
| Jackson Heights, NY 11372 | Brooklyn, New York 11215 |
| t: (718) 565 8500 ext. 4461 | Telephone: (845) 709-3237 |
| f: (718) 565 0646 | Facsimile: (845) 684-0160 |
| | jweiss@jtweisslaw.com |