Law Office of Jillian T. Weiss, P.C.
Attorney at Law
226 Prospect Park West, No. 104
Brooklyn, New York 11215
------------
(845) 709-3237
FAX: (845) 684-0160
jweiss@jtweisslaw.com
Incorporated in New York
Admitted New York and New Jersey Only

November 8, 2022

Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Plaintiff's Motion to Compel Proper Answers to Responses to Requests for Production against Defendant Royal Elite Palace, LLC and Aba Cohen, Calderon v. Royal Elite Palace LLC, et al., No. 1:21-cv-6367 (EK) (MMH)**

Dear Judge Henry,

Pursuant to Your Honor's Individual Rules § V.B.1., Plaintiff Alicia Calderon hereby moves to compel responses to requests for production propounded by Plaintiff to Royal Elite Palace Catering, LLC ("Royal Elite") and Aba Cohen (collectively "Royal Defendants").

On February 25, 2022, Plaintiff propounded these requests. Responses were due on March 27, 2022. Counsel for the Royal Defendants asked for an extension to April 27, 2022, due to staff changes and upcoming Jewish holidays, which Plaintiff granted. On May 3, 2022, Defendants served responses. Many responses included objections on grounds of vagueness, overbreadth and undue burden, without explanation. Their production consisted of one page. This response is similar to the "paradigm of discovery abuse," *Carl v. Edwards*, 2017 WL 4271443, at *4 (E.D.N.Y., 2017) (addressing unsubstantiated objections with no production of documents). Plaintiff sent a deficiency letter to counsel on May 17, 2022 and the parties conferred by phone on June 1, 2022. They agreed to take the Plaintiff's concerns under advisement, and to provide amended responses.

Plaintiff advised the Royal Defendants by email on June 22, 2022 of her intent to move if amended responses were not promptly provided. Defendants served amended responses two days later. Five responses were unchanged from the improper form. Ten responses were changed, but were still improper. Plaintiff again requested to confer. On July 27, 2022, Plaintiff conferred with Defendants by telephone. Defendants agreed to some changes, but again stated they would take the issues under advisement. Although further discussions have taken place, Defendants have not further amended their responses or provided additional documents.

REQUESTS FOR PRODUCTION AND RESPONSES[1]

Plaintiff moves for an Order requiring the Royal Defendants to indicate whether responsive documents are being withheld as a result of their objections, as required by FRCP 34(b)(2)(C). Plaintiff also requests that the Court strike the objections based on vagueness, overbreadth and undue burden that do not provide the required information as to the basis for the objections. There are indications that Defendant Royal Elite is improperly withholding requested documents. The company stated to the EEOC that it "affirmatively states that though there are no responsive or relevant emails or text messages concerning Charging Party's claims except those covered by attorney-client privilege and/or the attorney work product doctrine, Respondent confirms that no emails or text

[1] The full text of the specific Requests for Production at issue are set forth in Exhibit 1, together with the responses of Defendants Royal Elite and Aba Cohen.

messages have been deleted." See Exhibit 2, Response No. 6 in Respondent Responses & Objections to the EEOC's Request for Information, signed on April 6, 2021 by Emanuel Kataev (counsel now representing the Owner Defendants, Hiaeve, Katanov and Yonayev.) Attorney client privilege has not been asserted for any specific emails or text messages, nor has any privilege log been served. These emails and texts should be either produced or a privilege log served.

RFP 1, 6, 8, 11, 23, 26, 54: In these interrogatories, Plaintiff requests certain records in the possession, custody or control of Royal Elite or Aba Cohen. Defendants state they believe them to be in possession of a former employee, Alexandra Hiaeve. "Courts have "insist[ed] that corporations, at the very least, ask their former employees to cooperate before asserting that they have no control over documents in former employees' possession." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 341 F.R.D. 474, 503–04 (S.D.N.Y. 2022). Ms. Hiaeve has cordial relations with Mr. Cohen and his family, so a request could be fruitful.

RFP 4: Plaintiff requested formation documents of the business entities involved here. This is relevant to ownership under NYCHRL and NYSHRL. It is also relevant to successor liability as part of the proof of sufficient continuity of identity. *Lewis v. Blackman Plumbing*, 51 F.Supp.3d 289, 315 (S.D.N.Y. 2014) "Common identity of directors" is part of this determination. *Wash. State Invest. Bd v. Odebrecht S.A.*, 461 F.Supp.3d 46, 66 (S.D.N.Y. 2020). The Royal Defendants also object that the request is vague and overbroad. Plaintiff narrowed the request to refer to certificates of incorporation, operating agreements or other documents required to create a business entity.

RFP 5: Plaintiff requested leases between Royal Elite and the landlord of the property. This is relevant because the signature on these leases will provide evidence of at least one person in the company who had authority to bind the company, relevant under NYSHRL and NYCHRL to the imposition of liability and for punitive damages. It is also relevant to successor liability of a company, such as Elite Palace LLC, that transfers "not only its assets, but also business location, employees, management and good will" to the successor. *Washington State Inv. Bd*., 461 F. Supp. at 67. There is evidence that the entity that took over the property on August 1, 2014, 6902 Garfield Avenue LLC, was in control of and involved in the operations of the catering business for a period of time after Elite Palace LLC left and before Royal Elite began its control of the catering operation. A statement was made to the press, which was reported on August 15, 2014, stating that the new owner planned to continue to operate the catering business. Simon Alishaev, the managing member of 6902 Garfield Avenue LLC has stated through counsel that he created the entity Royal Elite Palace Caterers LLC on July 3, 2014 in order to maintain control over the name of the tenant, to whom he would eventually lease his newly acquired wedding hall. The entity Royal Elite Palace Caterers never owned anything during its first two months in existence, and was never used for any purpose, until it was transferred to Defendant Aba Cohen. If so, Plaintiff would like to know who was operating the catering operation in the which the Plaintiff worked during the period August 1, 2014 to September 1, 2014, which is relevant to issues of liability during that period.

RFP 14 & 17: Plaintiff requested workers' compensation and state-required disability insurance contracts from 2014 to the present. This is relevant because of successor liability, to see if the policies were revised to reflect the new ownership, and also evidence of the legal compliance habits of the Royal Elite Defendants. The state online portal suggests that their compliance was seriously lacking.

RFP 34: Plaintiff requested documents signed by Defendant Aba Cohen on behalf of Royal Elite from 2014 to the present. The Royal Defendants objected based on relevance, overbreadth, undue burden, and oppression. At the parties' conference, Plaintiff narrowed the request to payroll and financial records. These are relevant to Plaintiff's claims that Mr. Cohen is an owner of the company and also had responsibility for Plaintiff's wages. This situation is not one in which oppression is present, such as requiring revelation of pornographic computer downloads, or donations to a controversial religious group. In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 90 (E.D.N.Y. 2012). Defendants provided Plaintiff with no information about undue burden. Royal has them. See Exhibit 3, Shulepov v. Royal Elite Catering LLC, ECF No. 68, pp. 4-6, and ECF No. 84 ¶ 13. These are also relevant to Plaintiff's wage claims as they will provide evidence of payment.

RFP 43: Plaintiff requested the Royal Defendants' written policies relating to wages from 2008. The Defendants object based on vagueness, overbreadth and, impliedly, relevance. This information is relevant to Plaintiff's claim of wage violations, as it will evidence the wage compliance mechanisms in place at Defendant Royal Elite. It will also provide information regarding which Defendants had sufficient employee control to qualify as an FLSA "employer," which includes setting company policy regarding work schedules. *Alvarado v. GC Dealer Services* Inc., 511 F.Supp.3d 321, 357–58 (E.D.N.Y., 2021). The request specifies with "reasonable particularity," as required by Fed. R. Civ. P. 34(b)(1)(A), that it seeks, from each Defendant to which it is directed, any written policies regarding wages in their possession, custody or control.

RFP 44: Plaintiff requested documents relating to charges, convictions, or pleas for any felony or misdemeanor (other than routine traffic tickets) for Defendant Aba Cohen. Defendants object to this Request on the ground that is facially improper, harassing and abusive. "[I]nformation relating to convictions for any felony and for any offense involving dishonesty or false statement may be admissible, under certain circumstances, regardless of the age of the conviction." *Harnage v. S. Barrone*, 2017 WL 3448543, at *9 (D.Conn., 2017). "While the [criminal convictions] may not be "at issue," the information sought may lead to the discovery of admissible impeachment evidence, Fed.R.Evid. 608[.] *Smith v. City of New York*, 2006 WL 2516479 at *2 (E.D.N.Y. 2006) (compelling response). After the parties met and conferred, the Royal Defendants have not provided this information.

RFP 47: Plaintiff requested documents concerning payments to Plaintiff reported by Royal Elite to the federal and state governments. Defendants object to this Request on grounds of "facial impropriety," overbreadth, harassment, and, impliedly, relevance. This is relevant to the wage claims and the discrimination claims. In its answer to ¶¶ 8-9, 25 of the Amended Complaint [ECF 59], the Royal Defendants deny that Plaintiff was employed by Defendant Royal Elite. Answer to Amended Complaint [ECF 59] ¶¶ 8-9, 25, and 10th Affirmative Defense. W-2 forms are relevant to actions for minimum wage, spread-of-hours and overtime claims. *Xiao Hong Zheng v. Perfect Team Corporation*, 739 Fed.Appx. 658, 662 (2d Cir. 2018). Failure to maintain proper records is violation of FLSA and NYLL. Id. at 663. Furthermore, Defendant Royal has admitted that it was "compiling time records maintained for some period of her employment," and it was "extrapolating from the existing time records and additional evidence concerning the number of hours she worked" for those periods it failed to maintain time records. See

RFP 54: Plaintiff requested any video or audio recordings of Plaintiff. The Royal Defendants object on the ground of vagueness. Vagueness means "the respondent cannot answer because the meaning of the request is uncertain." *Republic of Turkey v. Christie's, Inc.,* 326 F.R.D. 394, 399 (S.D.N.Y., 2018). The terms "video" and "audio" mean recordings of moving images or of sound. See "Video." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/video. https://www.merriam-webster.com/dictionary/video Accessed 29 Oct. 2022; also qv "audio." The request specifies with "reasonable particularity," as required by Fed. R. Civ. P. 34(b)(1)(A), that it seeks, from each Defendant to which it is directed, any audio or video recordings in which the Plaintiff appears.

RFP 71: Plaintiff requested notifications to Defendants of complaints of discrimination. Defendants object to this Request on the ground that it is vague. Plaintiff agreed to narrow this request to complaints based on sexual orientation, sexual harassment, gender identity, wage and hour complaints, and complaints about paid or unpaid wages for the period two years before Plaintiff's employment and two years after Plaintiff's employment.

Plaintiff respectfully requests that the Court issue an Order compelling responses.

Respectfully submitted,

s/ Jillian T. Weiss
Attorney for Plaintiff Alicia Calderon