UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ALICIA CALDERON,**<br>**Plaintiff,**<br>**v.**<br><br>**ROYAL ELITE PALACE CATERERS LLC, ELITE PALACE LLC, 6902 GARFIELD AVENUE LLC, 6902 GARFIELD IZ, LLC d/b/a DA MIKELLE PALAZZO, SIMON ALISHAEV, ALEXANDRA HIAEVE, IGOR TSAN, ABHI VAYNSHTEYN, ABA COHEN a/k/a ABA KOLNOV a/k/a ABA KOIUNOV, ROBEN KATANOV, and YURI YONAYEV.**<br>**Defendants.** | ) | **Case No. 21-cv-6367(EK)(MMH)**<br><br>**Plaintiff's First Set of Requests for Production** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED UPON ALL DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 33 and 34, and Local Civil Rule Plaintiff demands that Defendant answer the Plaintiff's First Set of Interrogatories and Requests for Production within 30 days from the date of service.

## INSTRUCTIONS

1. ALL INFORMATION. In answering these requests, the Defendant must furnish all information available to them, as required by Fed. R. Civ. P. 33(b)(1)(B). This includes all information in the possession, custody, or control of the Defendant's attorneys, agents, elected or appointed officials, officers, employees, independent contractors, and all other persons acting on behalf of the Defendant, up to and including the date of trial.
2. PRIVILEGE. For each part of a request for which the Defendant declines to answer or produce based on an objection or an assertion of privilege, please identify the part not answered or produced and state in detail the basis for the objection or assertion of privilege. Requests shall be construed so as not to refer to communications between attorney and client after the date of the federal complaint in this matter.
3. GRAMMAR. The use of a verb in any tense shall be construed as the use of the verb in all tenses and the singular form shall be deemed to include the plural, and vice versa.
4. TIME. Unless otherwise specified, the time frame for all requests is from the date of Plaintiff's hire (or application, if not hired) with Defendant to the end of Plaintiff's employment with Defendant, or if not hired, to the time of the filing of this action.

5. PLACE. If Defendant has more than one workplace establishment, the requests refer to persons and events at the particular workplace establishment at which Plaintiff worked or to which Plaintiff applied, unless otherwise specified.

6. CONTINUING REQUEST. In accordance with Fed. R. Civ. P. 26(e), these interrogatories and requests are to be considered continuing, and accordingly, the Defendant is requested to provide, by way of supplemental responses, such additional information as the Defendant or any person acting on behalf of the Defendant may hereafter obtain, which will augment or otherwise modify its answers. Such supplemental responses are to be served upon the Plaintiff within 30 days after receipt of such information.

## **DEFINITIONS**

When used in these interrogatories and requests, unless a contrary meaning applies in the context of a particular interrogatory, the following definitions apply:

1. CONJUNCTIONS. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear and the words shall be interpreted and construed as broadly as possible so that information otherwise within the scope of the interrogatory is not excluded.
2. EMPLOYEE. The terms employee, supervisor, or manager refer to current and former employees, supervisors, and managers.
3. FORMAL COMPLAINT. The term formal complaint refers to internal company complaints provided to Defendant's managers tasked with addressing employee complaints, administrative charges at the EEOC, state or city human rights commissions, and actions in federal or state courts.
4. IDENTIFY. The terms identify or identification means:
    a. When used in reference to a natural person, the person's full name, date of birth, social security number, job title, dates of agency or employment (if applicable), and the last known business and residence address and telephone number;
    b. When used in reference to a document, the type of document (i.e., letter, memorandum, chart, etc.), a brief description of the nature of the information in the document, its author and originator, its date or dates, all addressees and recipients, and its present location or custodian. If any such document was, but is no longer, in the Defendant's possession or subject to its control, state additionally the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof;
    c. When used in reference to conversations, written or oral communications, or events, means the date on which each conversation, communication or event occurred, the persons involved in such conversation, communication, or event, the substance of any conversations and communications, the names and addresses of every person present when the conversation, communication or event occurred, and the place where the conversation, communication or event took place; and
    d. When used in reference to a business entity or organization, the structure of the business (i.e., corporation, partnership, sole proprietorship, etc.), a brief description of the nature of the business, and the business address and telephone number.

5. DECISION-MAKER. The term decision-maker refers to anyone who made a decision to discipline or terminate Plaintiff, or who had been tasked to approve or give input into the decision to discipline or terminate Plaintiff.

6. DISCIPLINE. The term discipline refers to any adverse action taken regarding an employee in response to a rule infraction or poor performance, including but not limited to warnings, coachings, counselings, write-ups, written coaching, suspension with or without pay, demotion or termination.

7. DISCRIMINATION. The term discrimination refers to claims of harassment, hostile work environment, or disparate treatment based on any protected category, or retaliation therefor, unless otherwise stated.

8. DOCUMENT. The term document includes, without limitation, all originals or copies, if the originals are not in the possession of the Defendant, and all non-identical copies (whether by reason of alterations or of additional notations) of correspondence, memoranda, email, computer files, photographs, reports, records, notes, diaries, chronologies, written statements, letters, telegrams, studies, messages, analyses, invoices, bills, books, magazines, newspapers, booklets, tapes, logs, calendars, circulars, bulletins, notices, instructions, minutes, questionnaires, surveys, charts, graphs, and other communications or records, including drafts of any of the foregoing items.

9. EXPLICITLY REFERENCING. The term explicitly referencing means an explicit reference to the matter mentioned in the interrogatory or request for production, but not all documents that may refer generally to the matter.

10. IN EFFECT. The term in effect means that any rule, policy, procedure, or criterion contained in a document was operative to direct or guide the actions or deliberations of a company, agency or organization, or was intended by a director, officer or manager to be so operative.

11. PERSON. The term person refers to the plural, as well as the singular, and includes any natural person, firm, association, partnership, joint venture, corporation, business or other legal entity.

12. RELATED TO. The terms related to or relating to means evidencing, supporting, describing, referring to, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or logically or factually connected to the matter mentioned in the interrogatory or request for production.

13. SEX. The term sex refers to sex, gender, sexual orientation, gender identity, gender expression and/or transgender status.

14. TRANSGENDER. The term transgender includes any person who self-identifies as trans, transgender, non-binary, gender non-conforming, or crossdresser, and includes persons who have undergone gender confirmation surgery, and persons who desire to undergo gender confirmation surgery.

15. YOU. The terms you, your, and Defendant refer to the named Defendant as well as elected or appointed officials, current or former employees, independent contractors, officers, agents, attorneys, trustees, representatives, and any other persons or entities acting on behalf of Defendant.

## **<u>REQUESTS FOR PRODUCTION</u>**

1. Operating agreements and Articles of Incorporation for ROYAL ELITE PALACE CATERERS LLC **(hereinafter referred to as “Royal Elite Palace**”) from 2014 through the present, including any attachments.

2. Operating agreements and Articles of Incorporation for 6902 GARFIELD IZ, LLC d/b/a/ DA MIKELLE PALAZZO **(hereinafter referred to as “Garfield IZ”)** from 2020 through the present, including any attachments.

3. Operating agreements and Articles of Incorporation for Elite Palace Caterers LLC from 2008 through the present, including any attachments.

4. All other documents forming all business entities, including but not limited to corporations, limited liability companies, partnerships or sole proprietorships, which had, during the period 2008 to the present, interrelation of operations, centralized control of human resources, common management, common ownership, or common financial control, with Royal Elite Palace.

5. Leases entered into by Royal Elite Palace from 2014 through present.

6. Leases entered into by Garfield IZ from 2020 through present.

7. Leases entered into by Elite Palace Caterers LLC from 2008 through present.

8. Income tax returns of Royal Elite Palace from 2014 through the present.

9. Income tax returns of Garfield IZ from 2020 through the present.

10. Income tax returns of Elite Palace Caterers LLC from 2008 to the present

11. Profit and loss statements of Royal Elite Palace from 2014 through the present.

12. Profit and loss statements of Garfield IZ from 2020 through the present.

13. Profit and loss statements of Elite Palace Caterers LLC from 2008 through the present.

14. Workers’ compensation insurance contracts of Royal Elite Palace from 2014 through the present.

15. Workers’ compensation insurance contracts of Garfield IZ from 2020 through the present.

16. Workers’ compensation insurance contracts of Elite Palace from 2008 through the present.

17. Disability insurance contracts of Royal Elite Palace from 2014 through the present.

18. Disability insurance contracts of Garfield IZ from 2020 through the present.

19. Disability insurance contracts of Elite Palace from 2008 through the present.

20. Payroll records of Royal Elite Palace from 2014 through the present.

21. Payroll records of Garfield IZ from 2020 through the present.

22. Payroll records of Elite Palace Caterers LLC from 2008 through the present.

23. Payroll tax records of Royal Elite Palace from 2014 through the present.

24. Payroll tax records of Garfield IZ from 2020 through the present.

25. Payroll tax records of Elite Palace Caterers LLC from 2008 through the present.

26. All documents concerning the work schedules, hours worked, job duties, pay rates, method of pay, pay received, work tasks assigned, and work tasks performed by individuals employed by Royal Elite Palace from 2014 through the present.

27. All documents concerning the work schedules, hours worked, job duties, pay rates, method of pay, pay received, work tasks assigned, and work tasks performed by individuals employed by Garfield IZ from 2020 through the present.

28. All documents concerning the work schedules, hours worked, job duties, pay rates, method of pay, pay received, work tasks assigned, and work tasks performed by individuals employed by Elite Palace from 2008 through the present.

29. All documents that refer to or show the job tasks, responsibilities, requirements, and duties of individuals employed by Royal Elite Palace from 2014 through the present.

30. All documents that refer to or show the job tasks, responsibilities, requirements, and duties of individuals employed by Garfield IZ from 2020 through the present.

31. All documents that refer to or show the job tasks, responsibilities, requirements, and duties of individuals employed by Elite Palace from 2008 through the present.

32. All documents that refer to training, including anti-sexual harassment or anti-discrimination training, provided to individuals employed by Royal Elite Palace from 2014 through the present.

33. All documents that refer to training, including anti-sexual harassment or anti-discrimination training, provided to individuals employed by Garfield IZ from 2020 through the present.

34. All documents signed by Aba Cohen a/k/a/ Aba Kolnov a/k/a Aba Kouinov (hereinafter referred to as Aba Cohen) on behalf of Royal Elite Palace from 2014 to the present.

35. All documents relating to Plaintiff's complaints of sex discrimination or gender identity discrimination.

36. Any written complaints made by Plaintiff related to sex discrimination or gender identity discrimination.

37. Any emails referencing Plaintiff.

38. Any text messages referencing Plaintiff

39. Any written complaints related to sex discrimination or gender identity discrimination by employees or contractors of Defendants against Defendant Cohen or any employees, agents, officer or directors of Royal Elite Palace from 2014 to the present.

40. All documents relating to workplace infractions by Plaintiff.

41. All documents relating to Plaintiff's separation from Royal Elite Palace.

42. All written non-discrimination policies from 2016 to the present.

43. All written policies relating to wages from 2008 to the present

44. All documents relating to charges, convictions, or pleas for any felony or misdemeanor (other than routine traffic tickets) for Defendant Aba Cohen.

45. All documents relating to any administrative, judicial or quasi-judicial action against Defendants and/or Elite Palace Caterers LLC alleging violations of any law prohibiting discrimination, harassment or retaliation during the period 2014 to the present.

46. All documents relating to any administrative, judicial or quasi-judicial action against Defendants and/or Elite Palace Caterers LLC alleging violations of any law regarding payment of wages during the period 2008 to the present.

47. All documents concerning any payments made by Royal Elite Palace to Plaintiff which were reported to federal and state governments, including but not limited to federal Tax Forms W-2, W-3, 941, 1099, and New York State Tax Form NYS-45, and all underlying documents used to complete such forms.

48. All work agreements or other documents, including notices and/or postings, which in any way specify the terms or conditions of work applicable to Plaintiff.

49. All documents concerning any written notice provided to Plaintiff in her primary language, at the time of hiring or otherwise, specifying, *inter alia*, Plaintiff's rate of pay and regular pay days.

50. All documents relating to or referencing Plaintiff's hiring, discipline and separation, including but not limited to Plaintiff's personnel file.

51. All documents relating to any investigation of Plaintiff's complaints, including video or audio of Plaintiff or other employees, information regarding the outcome of the investigation, and any resulting discipline.

52. All documents related to action taken by Defendant in response to Plaintiff's complaints.

53. All documents relating to any investigation of complaints against Plaintiff, including video or audio of Plaintiff or other employees, information regarding the outcome of the investigation, and any resulting discipline.

54. All video or audio of Plaintiff.

55. All documents related to Plaintiff's coaching, warning, discipline (including oral or written), or separation. This request includes without limitation:
    a. All notes or memoranda related to discipline or termination;
    b. All communications related to discipline or termination to or from Plaintiff, any past or present employees, officers, agents, managers, investigators, or representatives of Defendants or Elite Palace Caterers LLC, or any other persons acting or purporting to act on behalf of Defendants or Elite Palace Caterers LLC;
    c. All communications related to discipline or termination to or from Plaintiff, any past or present employees, officers, agents, managers, investigators, or representatives of Defendants or Elite Palace Caterers LLC, or any other persons acting or purporting to act on behalf of Defendants or Elite Palace Caterers LLC;
    d. All other communications related to discipline or termination;
    e. All documents showing or reflecting the identities of the person or persons who made or participated in any decisions to discipline or separate Plaintiff; and
    f. All documents constituting or otherwise related to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss, or refer to Plaintiff's discipline or separation.

56. All documents provided by Defendants or Elite Palace Caterers LLC to any government agency related to the Plaintiff.

57. All documents relating to a statute of limitations defense.

58. All documents relating to a defense based on the doctrine of unclean hands.

59. All documents relating to a defense of waiver.

60. All documents relating to a defense based on the doctrine of estoppel.

61. All documents relating to a defense based on the doctrine of laches.

62. All documents relating to a defense based on the doctrine of accord and satisfaction.

63. All documents relating to a defense based on Plaintiff's failure to mitigate damages.

64. All documents relating to a defense based on Plaintiff's failure to give proper and timely notice to the Defendants of her claims.

65. All documents relating to a defense of non-employment of Plaintiff by any Defendant.

66. All documents relating to a defense of legitimate, non-discriminatory reasons for Defendant's actions.

67. All documents showing the maintenance and enforcement of policies prohibiting discrimination.

68. All documents showing procedures through which employees could notify Defendants of violations and/or perceived violations of its policies prohibiting discrimination.

69. All documents showing investigation of complaints of discrimination.

70. All documents showing corrective action against employees accused to discrimination or harassment.

71. All documents relating to notification of Defendants of complaints of discrimination.

72. All documents relating to misconduct by Plaintiff.

73. All documents showing that Plaintiff petitioned for bankruptcy.

74. All documents showing Plaintiff failed to meet conditions precedent prior to asserting her Title VII claims

75. All documents showing that the United States Equal Employment Opportunity Commission ("EEOC") failed to attempt conciliation in violation of 42 U.S.C § 2000e–5.

76. All documents showing Plaintiff welcomed the conduct she complains of.

Dated: February 25, 2022

*<u>/s/ Jillian T. Weiss</u>*________________

Jillian T. Weiss
Law Office of Jillian T. Weiss, PC
226 Prospect Park West #104
Brooklyn, New York 11215
Telephone: (845) 709-3237

Facsimile: (845) 684-0160
jweiss@jtweisslaw.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

This is to certify that on February 25, 2022, a true and correct copy of the foregoing discovery requests were electronically transmitted, and mailed via email to the following:

Leo Jacobs
Eduard Kushmakov
JACOBS P.C.
leo@jacobspc.com
eduard@jacobspc.com

Attorneys for Defendants ROYAL ELITE PALACE CATERERS LLC, 6902 GARFIELD IZ, LLC d/b/a/ DA MIKELLE PALAZZO, ABA COHEN a/k/a ABA KOLNOV a/k/a ABA KOIUNOV.

*/s/ Jillian T. Weiss*________________
Jillian T. Weiss