UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALICIA CALDERON,**<br><br>**Plaintiff(s),**<br><br>**v.**<br><br>**ROYAL ELITE PALACE CATERERS LLC, ELITE PALACE LLC, 6902 GARFIELD AVENUE LLC, 6902 GARFIELD IZ, LLC d/b/a DA MIKELLE PALAZZO, SIMON ALISHAEV, ALEXANDRA HIAEVE, IGOR TSAN, ABHI VAYNSHTEYN, ABA COHEN a/k/a ABA KOLNOV a/k/a ABA KOIUNOV, ROBEN KATANOV, and YURI YONAYEV.**<br><br>**Defendant(s).** | Case No. 21-cv-6367(EK)(MMH)<br><br>**Response to Plaintiff's First Set of Discovery Demands** |

PLEASE TAKE NOTICE, that Defendants ROYAL ELITE PALACE CATERERS LLC, and ABA COHEN a/k/a ABA KOLNOV a/k/a ABA KOIUNOV (collectively referred to herein as "Defendants") by and through their attorneys Jacobs, P.C., hereby respond to Plaintiff's first set of discovery demands, as follows:

1. These documents are not in the possession, custody or control of the Defendants. Upon information and belief, these documents would be in the possession, custody and control of Defendant Alexandra Hiaeve.

2. No response is required because this defendant was dismissed from this action. In any event, this Request seeks the production of documents from a defendant (6902 Garfield IZ), who is not affiliated with the Defendants. Accordingly, these documents are not in the possession, custody or control of the Defendants.

3. Defendants object to this Request to the extent that it seeks seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks the production of documents from a party that is not affiliated with the Defendants herein. In addition, this Request is facially improper in that it seeks the production of documents from 2008, which is years before any incident relevant to this dispute occurred. Accordingly, there no responsive documents in the possession, custody or control of the Defendants.

4. Defendants object to the Discovery Demands to the extent that they are overbroad, unduly burdensome, oppressive, designed to harass and/or annoy, and/or are unreasonably cumulative or duplicative, seek information already produced by the Defendants to the Plaintiff, or seek information that can be obtained from another source in a more convenient, less burdensome, or less expensive manner. This Request literally seeks every single document relating to the formation of businesses beginning in 2008, years before any incident relevant to this dispute occurred. Moreover, this Request is vague in that it seeks documents “forming all entities,” without providing examples of what vague term means. Accordingly, Defendants request a meet and confer with Plaintiff to narrow this Request, and clarify what documents this Request seeks.

5. Defendants object to this Request on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks for Defendants to produce leases with its landlord, which have nothing to do with the claims or defenses in this action. Accordingly, Defendants request a meet and confer with Plaintiff to understand how the requested documents are relevant to this action.

Simon Alishaev,

6. No response is required because this defendant was dismissed from this action. Defendants object to this Request on the ground that it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks for Defendants to produce leases between a completely separate defendant and its landlord, which have nothing to do with the claims or defenses in this action. Accordingly, while the requested information is not relevant to this action, no responsive documents are in the possession, control or custody of the Defendants. Upon information and belief, these documents would be in the possession, custody and control of Defendant Alexandra Hiaeve.

7. No response is required because Plaintiff seeks documents from an entity that is not represented by the undersigned. To the extent a response is required, no responsive documents are in possession, custody or control of the Defendants.

8. In response to this Request, Defendants state that no documents are in their possession, custody or control. Upon information and belief, the requested documents would be in the possession, custody and control of Defendant Alexandra Hiaeve.

9. No response is required because this defendant was dismissed from this action. In any event, this Request seeks the production of documents from a defendant (6902 Garfield IZ), who is not affiliated with the Defendants. Accordingly, these documents are not in the possession, custody or control of the Defendants.

10. No response is required because Plaintiff seeks documents from an entity that is not represented by the undersigned. To the extent a response is required, no responsive documents are in possession, custody or control of the Defendants.

11. Defendants object to this Request on the ground on that it seeks information is not relevant to the claims and defenses in this action. Defendants also object to this Request on the ground that it seeks documents that are not in the possession, custody or control of the Defendants. Subject to and without waiver of this objection, Defendants respond as follows: Upon information

and belief, the requested documents would be in the possession, custody and control of Defendant Alexandra Hiaeve.

12. No response is required because this defendant was dismissed from this action. In any event, this Request seeks the production of documents from a defendant (6902 Garfield IZ), who is not affiliated with the Defendants. Accordingly, these documents are not in the possession, custody or control of the Defendants.

13. Defendants object to the this Request on the ground that it seeks documents from a separate entity that is not affiliated with the Defendants. The requested documents are not in the possession, custody or control of the Defendants.

14. 14. Defendants object to this Request on the ground that it seeks documents that are not relevant to the claims and defenses of this action. Specifically, whether or not Royal Elite Place has workers' compensation insurance from 2014 to the present is not related to the claims or defenses in this action.

15. No response is required because this defendant was dismissed from this action. In any event, this Request seeks the production of documents from a defendant (6902 Garfield IZ), who is not affiliated with the Defendants. Accordingly, these documents are not in the possession, custody or control of the Defendants. In any event, the requested documents are not relevant to this action.

16. Defendants object to this Request on the ground that it seeks documents from a separate entity that is not affiliated with the Defendants. The requested documents are not in the possession, custody or control of the Defendants.

17. 17. Defendants object to this Request on the ground that it seeks documents that are not relevant to the claims and defenses of this action. Specifically, whether or not Royal Elite

Place has disability insurance contracts from 2014 to the present is not related to the claims or defenses in this action.

18. No response is required because this defendant was dismissed from this action. In any event, this Request seeks the production of documents from a defendant (6902 Garfield IZ), who is not affiliated with the Defendants. Accordingly, these documents are not in the possession, custody or control of the Defendants.

19. Defendants object to this Request on the ground that it seeks documents from a separate entity that is not affiliated with the Defendants. The requested documents are not in the possession, custody or control of the Defendants.

20. No response is required because the respondent was dismissed. The requested documents are not in the possession, custody or control of the Defendants.

21. In response to this Request, Defendants incorporate by reference their response to Request No. 18.

22. In response to this Request, Defendants incorporate by reference their response to Request No. 19.

23. Defendants object to this request on the ground that it is vague in that "payroll tax records" is not undefined. Moreover, Plaintiff does not specify whether this Request is specific to the Plaintiff. Subject to and without waiver of these objections, Defendants respond as follows: Payroll records pertaining to the Plaintiff are not in the possession, custody or control of the Defendants, and are, upon information and belief, in the possession of Defendant Alexandra Hiaeve.

24. In response to this Request, Defendants incorporate by reference their response to Request No. 18.

25. In response to this Request, Defendants incorporate by reference their response to Request No. 19.

26. Employment records pertaining to the Plaintiff are not in the possession, custody or control of the Defendants, and are, upon information and belief, in the possession of Defendant Alexandra Hiaeve.

27. In response to this Request, Defendants incorporate by reference their response to Request No. 18.

28. In response to this Request, Defendants incorporate by reference their response to Request No. 19.

29. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

30. In response to this Request, Defendants incorporate by reference their response to Request No. 18.

31. In response to this Request, Defendants incorporate by reference their response to Request No. 19.

32. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

33. In response to this Request, Defendants incorporate by reference their response to Request No. 18.

34. 34. Defendants object to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and seeks information that is not relevant to the claims or defenses in this action. This Request literally seeks every single document signed by Defendant Aba Cohen,

whether or not related to the employment of the Plaintiff. This Request is patently improper for the reasons stated above.

35. Documents responsive to this Request are produced herewith.

36. Upon information and belief, no such documents exist. Defendants are not in possession, custody or control of any documents responsive to this Request.

37. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

38. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

39. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

40. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

41. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

42. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

43. 43. Defendants object to this Request on the ground that it is vague and overbroad. Specifically, this Request does not specify which Defendant it seeks information from and seeks information from 2008, years from the incidents at issue in this action. Accordingly, Defendants request a meet and confer call with Plaintiff to determine what documents this Request seeks, and how to narrow the Request such that it complies with the Federal Rules of Civil Procedure.

44.44. Defendants object to this Request on the ground that is facially improper, harassing and abusive. Whether or not Defendant Aba Cohen has been convicted of a crime has nothing to do with this action.

45. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

46. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

47.47. Defendants object to this Request on the ground that it is facially improper, overbroad and designed to harass the Defendants. Document relating to whether or not payments were made to Plaintiff which reported to the federal and state governments has nothing to do with the claims or defenses in this action.

48. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

49. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

50. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

51. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

52. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

53. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

54. 54. To the extent that any responsive documents exist, such documents would be in the possession, custody or control of Defendant Alexandra Hiaeve.

55. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

56. In response to this Request, Defendants incorporate by reference their response to Request No. 19.

57. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

58. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

59. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

60. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

61. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

62. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

63. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

64. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

65. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

66. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

67. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

68. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

69. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

70. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

71. 71. Defendants object to this Request on the ground that it is hopelessly vague. This Request is so vague that Defendants cannot meaningfully respond to it.

72. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

73. Documents responsive to this Request are not in the possession of the Defendants, and are solely in the possession, custody and control of the Plaintiff.

74. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

75. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

76. In response to this Request, Defendants incorporate by reference their response to Request No. 26.

Defendants reserve the right to supplement these responses up to and including the time of trial.

Dated: New York, New York
June 24, 2022

**JACOBS PC**
_/s/_____________
Leo Jacobs, Esq.
450 Lexington Ave. Floor 4
New York, New York
(718) 772-8704
Leo@jacobspc.com
*Attorneys for Defendants Royal Elite Palace Caterers LLC and Aba Cohen*