Gmail

Jillian Weiss <jweiss@jtweisslaw.com>

# Discovery Responses in Alicia Calderon v. Royal Elite Palace Caterers et al (No. 21-cv-6367)

**Jillian Weiss** <jweiss@jtweisslaw.com> Tue, May 17, 2022 at 11:04 AM
To: Aaron Slavutin <aaron@jacobspc.com>
Cc: Cristobal Gutierrez <Cristobal.Gutierrez@maketheroadny.org>, Estee Ward <estee.ward@maketheroadny.org>, elizabeth.joynesjordan@maketheroadny.org, Leo Jacobs <leo@jacobspc.com>, Emanuel Kataev <emanuel@mllaborlaw.com>

Aaron,

Thank you for your client's responses. We had also propounded the attached demand for verified statements, which has not been provided. I attach it for your convenience. Please let me know when this oversight may be corrected.

I request to meet and confer regarding your client's responses to discuss a few items. I am available tomorrow at 10am or 3pm, Friday at those times, 5/23 at 3pm, and 5/24 at 5pm. Other times are also available. Please advise when you are available to speak about this. Here are some of our concerns.

- The heading of General Objections is inappropriate and should be removed, as you stated no general objections.
- With regard to each objection, you are required to state whether or not documents are being withheld on the basis of the objection.
- With regard to objections to vagueness, overbreath, burden, and cumulativeness, you are required to explain the facts that establish these contentions.
- With regard to documents relating to third parties, it is not a valid objection that they are not a party to the suit or are not represented by your firm. You must advise whether or not these are in the possession, custody or control of your clients.
- You must produce a privilege log regarding each privilege objection.
- Stating that no documents are in Defendants' possession is insufficient, as anything within their custody or control is also required to be produced. If they know someone who had the documents at one point, they are required to contact them to obtain them, or to state that they were not able to obtain them from that person so that a subpoena may be issued.
- You should withdraw your objections on the basis that the information was already produced by Defendants, as no information has been produced by Defendants.
- You should withdraw your objections on the basis that others have the information, as that is not a proper objection.

Other specific issues

- Response to 1: Operating agreements are not subject to attorney client privilege. Shih v. Petal Card, Inc., No. 18CV5495JFKBCM, 2021 WL 4655921, at *7 (S.D.N.Y. Oct. 6, 2021)

Best,

Jillian

Jillian T. Weiss
(845) 709-3237

Case 1:21-cv-06367-EK-MMH Document 63-4 Filed 11/08/22 Page 2 of 2 PageID #: 572

[Quoted text hidden]

---

**Plaintiff's Demand for Verified Statements.pdf**
152K