**UNITED STATES**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

---x

**In the Matter of the Charge of Discrimination by:**

**ALICIA CALDERON,**

**Charging Party,**

**-against-**

**ROYAL ELITE PALACE CATERERS LLC,**

**Respondent.**

---x

**EEOC Charge No.: 520-2021-01486**

**RESPONDENT RESPONSES & OBJECTIONS TO THE EEOC'S REQUEST FOR INFORMATION**

Respondent, Royal Elite Palace Caterers LLC ("Respondent"), respectfully responds to and objects (the "Responses & Objections") to the Request for Information (the "Requests") by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), as follows:

**GENERAL OBJECTIONS & QUALIFICATIONS TO THE RESPONSES & OBJECTIONS**

1. The information provided below is based on Respondent's current understanding of the available evidence. Respondent reserves the right to submit additional relevant information should any be revealed during its ongoing investigation and defense of this matter.

2. Respondent's submission of information during the course of the EEOC's investigation in no way constitutes a waiver of any available defenses or objections that Respondent may raise and invoke at a later time in any stage of this case or any other proceeding.

3. These Responses & Objections are not to be construed as an affidavit, and as such, it does not represent evidence to be applied or entered to any evidentiary record in litigation.

4. Respondent objects to the Requests to the extent it seeks information or documents not in the possession, custody, or control of Respondent.

5. In accordance with applicable law, the information and documents provided by Respondent and on behalf of Respondent during the course of the EEOC's investigation, including the content addressed herein, shall be treated as confidential, private, sensitive, kept confidential, and not disclosed to any third parties, except as required by law with advance notice to Respondent providing sufficient time to challenge the aforesaid production and/or use.

6. Respondent objects to the Requests to the extent it seeks information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. Respondent objects to the Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, or material prepared in anticipation of litigation.

8. Respondent objects to the Requests to the extent it is overly broad, unreasonably cumulative or duplicative, seeks information already produced by the Respondent, or seeks information that can be obtained from another source in a more convenient, less burdensome, or less expensive manner.

9. Respondent objects to the Requests to the extent it calls for information or production or description of documents generated by Respondent's counsel, documents from third parties obtained by Respondent's counsel, and correspondence sent by Respondent to counsel in connection with the prosecution or defense of this charge or any related proceeding now pending on the ground that production or description of such documents, many of which are privileged in any event, would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. Respondent objects to the Requests to the extent it seeks information or documents in the possession of the Complainant or the Commission.

11. In providing these responses and objections, and in producing documents pursuant thereto, Respondent does not in any way waive or intend to waive, but rather intend to preserve and are preserving:

a. all objections as to competency, relevancy, materiality and admissibility of the Requests (or responses) or the subject matter thereof;

b. all objections as to demands that are vague, ambiguous, overly broad or unduly burdensome;

c. all rights to object on any ground to the use of any of said documents or responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

d. all rights to object on any ground to any request for further responses to these or any other requests for documents, interrogatory requests or other discovery requests involving or related to the subject matter of these Requests.

12. The inadvertent or mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, intentional, implicit, subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently produced document(s) shall be returned to Respondent, or its attorney, along with any copies made thereof, and will not be retained by the recipient party.

**REQUESTS**

1. Provide any and all documents reflecting a sale or transfer of any part of Respondent's business from June 2019 to the present.

**Response: Respondent objects to this request on the grounds that it assumes facts not in evidence. Notwithstanding and without waiving the foregoing general and specific objections, Respondent states that it is not in possession, custody, or control of any responsive documents.**

2. Provide a spreadsheet in Excel format (not PDF) identifying each person employed by Respondent from January 2017 to the present, by:

a. Full name;
b. Birthdate;
c. Sex;
d. Date of hire;
e. Job title;
f. Name of supervisor;
g. Date of termination, if applicable, and whether termination was voluntary or involuntary;
h. If termination was involuntary, reason for termination; and
i. Last known home address, personal telephone number, and personal email address.

**Response: Respondent objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense for the EEOC's investigation into this complaint. Notwithstanding and without waiving the foregoing general and specific objections, Respondent states that it did not have fifteen (15) or more employees at all relevant times such that the EEOC has jurisdiction over this charge.**

3. Provide a complete copy of the personnel files of the following employees, including but not limited to all documents related to the employee's work performance, discipline, and discharge (if applicable):

a. Charging Party;
b. Shalom Dezoraiev; and
c. Jose Ariza

**Response: Respondent objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense for the EEOC's investigation into this complaint. Notwithstanding and without waiving the foregoing general and specific objections, Respondent states that it is not in possession, custody, or control of any responsive documents.**

4. Provide a complete copy of all documents (including emails and other communications) related to any discrimination or retaliation complaints by Charging Party, including but not limited to documents concerning the investigation of such complaints.

**Response: Respondent objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense for the EEOC's investigation into this complaint, and is violative of both the attorney-client privilege and the attorney work product doctrine.**

5. Provide a copy of all of Respondent's policies concerning employment discrimination and retaliation that were in effect from January 2017 to the present. If more than one policy was in effect during that time period, identify the time period each policy was in effect.

**Response: Respondent states that it is not currently in possession, custody, or control of any responsive documents; however, Respondent will conduct a further search and produce any responsive documents it finds pursuant to said search.**

6. Confirm that Respondent has taken steps to preserve any and all emails or text messages concerning Charging Party's claims on Respondent's email accounts or company-owned cell phones.

**Response: Respondent affirmatively states that though there are no responsive or relevant emails or text messages concerning Charging Party's claims except those covered by attorney-client privilege and/or the attorney work product doctrine, Respondent confirms that no emails or text messages have been deleted.**

7. Provide complete copies of all arbitration agreements, collective bargaining agreements, and/or contracts governing the employment of Charging Party. State the date(s) during which each such agreement was in effect.

**Response: Respondent states that it is not in possession, custody, or control of any responsive documents.**

8. Identify any entity that is a parent, subsidiary, or affiliate of Respondent by its full legal name and address.

**Response: Respondent affirmatively states that Royal Elite Palace Caterers LLC has no parents, subsidiaries, or affiliates.**

9. Identify Respondent's owner(s), chief executive officer, each corporate officer, and each LLC member by their full legal names and home addresses.

**Response: Respondent affirmatively states that the current owner, chief executive officer, sole corporate officer, and sole member is Aba Cohen, c/o Milman Labuda Law Group PLLC.**

10. Identify the total number of employees working for Respondent in (a) 2018 and (b) 2019.

**Response: Respondent refers the EEOC to Response No. 2, incorporating same by reference.**

11. Identify all complaints of sex discrimination and/or retaliation for reporting or opposing such discrimination, made to Respondent between January 2017 and the present. This request includes all complaints known to Respondent, whether verbal or written, made internally, made by demand letter, made to an administrative agency, or filed in court. Describe each such complaint by:

1. Name of complainant, job title, birthdate, sex, and last known home address, telephone number, and email address;
2. Date of complaint;
3. Name and job title of person who received the complaint;
4. Description of complaint, including the name(s) and job title(s) of the alleged wrongdoer(s); and
5. Description of Respondent's investigation and action taken, if any.

**Response: Respondent objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any claim or defense for the EEOC's investigation into this complaint, and is violative of both the attorney-client privilege and the attorney work product doctrine.**

Dated: Lake Success, New York
April 16, 2021

**MILMAN LABUDA LAW GROUP PLLC**

/s
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Respondent*
*Royal Elite Palace Caterers LLC*