**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**---------------------------------------------------------------X**
**MIKHAIL SHULEPOV, individually and on behalf of all other persons similarly situated,**

**Plaintiffs,**

**-against-**

**ELITE PALACE LLC, ROYAL ELITE PALACE CATERERS LLC, and YAKOV VAYNSHTEYN,**

**Defendants.**
**---------------------------------------------------------------X**

**Index No.: 150770/2017**

**ROYAL ELITE PALACE CATERERS, LLC'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST PRE-CLASS CERTIFICATION REQUEST FOR <u>INTERROGATORIES</u>**

Defendant, Royal Elite Palace Caterers LLC (hereinafter "Defendant"), by and through its attorneys, Milman Labuda Law Group PLLC responds to Plaintiff's First "Pre-Class Certification" Request for Interrogatories (the "Interrogatories") as follows:

## <u>GENERAL OBJECTIONS</u>

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, scope (temporal or otherwise), privilege, and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response.

5. Defendant objects to these uniformly overbroad interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff's interrogatories are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Defendant objects to Plaintiff's interrogatories to the extent they are so overbroad that they impose an undue burden upon them.

7. Defendant objects to Plaintiff's interrogatories to the extent they are unreasonably vague and ambiguous.

8. Defendant objects to Plaintiff's interrogatories to the extent they seek information that is confidential, proprietary and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendant objects to Plaintiff's interrogatories to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendant objects to Plaintiff's interrogatories to the extent they assume facts that have not been established. Defendant specifically reserves the right to object to the factual assumption made in these demands.

12. Defendant objects to Plaintiff's interrogatories to the extent that they (i) exceed the permissible scope of discovery established under the C.P.L.R. and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.

All of Defendant's answers are made subject to the above comments and qualifications.

**INTERROGATORIES**

1. Identify each employee, agent, or other representative of Defendants with knowledge of the matters set forth in the Second Amended Complaint and provide a general description of what their knowledge pertains to.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant identifies Alexandra Hiaeve, Defendant's bookkeeper.**

2. State the total number of employees who performed work as food service employees for Defendants for any length of time during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

3. Describe: (a) all methods used to record, document, or otherwise memorialize the days and/or hours worked by the Named Plaintiff and Putative Class Members (e.g., time clocks, timesheets, sign-in/sign-out logs); and (b) the individuals responsible for overseeing or managing the methods used to record, document or otherwise memorialize the days and/or hours worked by the Named Plaintiff and Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

4. Identify any documents, other than time records, that would reflect the days and/or hours worked by Named Plaintiff and Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, with respect to Named Plaintiff only, Defendant identifies, without limitation, schedules and contracts.**

5. Identify each employee, agent, or other representative of Defendants by name and last known address, who was responsible for generating and maintaining payroll records for the Named Plaintiff and Putative Class members during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant identifies Alexandra Hiaeve.**

6. Identify each employee, agent, or other representative of Defendants by name and last known address who was responsible for the on-site management of the work performed on Defendants' premises, including but not limited to, overseeing, managing or enforcing Defendants' employment policies and practices.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

7. Identify all documents that reflect wages paid to Named Plaintiff and Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

8. State whether Named Plaintiff and Putative Class Members were paid in cash during the Relevant Period. If cash payments were made to Named Plaintiff and Putative Class Members, describe the nature of the cash payments (e.g., tips, base pay, etc.) and method by which such cash payments were calculated and recorded.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Named Plaintiff was paid, without limitation to other payment methods, in cash.**

9. State whether Defendants had a policy for collecting and distributing tips and/or gratuities during the Relevant Period. If so, describe the policy – including any variation in that tipping for full time, part time, or temporary staff.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

10. Identify (1) each type of documents (*e.g.*, receipts, tickets, bills, invoices, event orders, purchase orders, online order forms, catering contracts, etc.) that includes any of the following languages: "service charge," "administrative charge," "administrative fee," "service fee," "administration fee," "administration charge," or any other mandatory charge, and (2) the time frame that such language was used during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

11. Identify all relevant custodians of ESI (including but not limited to emails, voicemails, text messages, databases, spreadsheets, word documents and the like) regarding "service charge," "administrative charge," "administrative fee," "service fee," "administration fee," "administration charge," gratuities, tips, wages and compensation of Named Plaintiff and Putative Class Members during the Relevant Period. (The list of relevant custodians should include, but should not be limited to, the following: (1) all individuals who had regular access to Defendants' email, and/or a Defendant-owned,-rented or –leased computer and/or a voicemail box during the Relevant Period; (2) all individuals who operated email accounts for Defendants during the Relevant Period; (3) all individuals working for Defendants or acting as an intermediary between Defendants and customers who ordered catering services; and (4) all individuals who created or generated ESI regarding tips, gratuities, wages, compensation, work schedules or staffing).

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

12. State whether ROYAL ELITE PALACE CATERERS LLC charged and/or collected tips and/or gratuities and/or service charges from its customers. If so, describe the method by which ROYAL ELITE PALACE CATERERS LLC charged and/or collected tips and/or gratuities and/or service charges from its customers.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

13. Identify the existence, custodian, location, and provide a general description of each document that reflects the terms and conditions for leasing the catering hall located at 69-02 Garfield Avenue in Woodside, New York.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

14. Identify each individual who served as an officer, director and shareholder of ROYAL ELITE PALACE CATERERS LLC during the Relevant Period.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

15. Identify all corporate entities doing business as ROYAL ELITE PALACE CATERERS LLC not already named as a Defendant in this action.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

16. Describe the relationship between ROYAL ELITE PALACE CATERERS LLC and ELITE PALACE LLC.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

17. Describe the relationship between ROYAL ELITE PALACE CATERERS LLC and YAKOV VAYNSHTEYN.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

18. State whether ROYAL ELITE PALACE CATERERS LLC engaged in any advertising and/or promotional activities. If so, describe any such advertising and/or promotional activities.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant engaged in advertising and/or promotional activities from time to time.**

19. State whether Igor Tsan was employed by ROYAL ELITE PALACE CATERERS LLC, and if so:

a. Identify Mr. Tsan's dates of employment;
b. Identify Mr. Tsan's job title;
c. Describe Mr. Tsan's job duties and responsibilities;

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant states that Igor Tsan was employed by it.**

20. On what date did ROYAL ELITE PALACE CATERERS LLC start operating the catering hall located at 69-02 Garfield Avenue in Woodside, New York.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant began operating in or about September 2014.**

21. Does ROYAL ELITE PALACE CATERERS LLC still operate the catering hall located at 69-02 Garfield Avenue in Woodside, New York today. If not, when did ROYAL ELITE PALACE CATERERS LLC cease operating the catering hall.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case. Subject to and without waiving said objections, Defendant still operates the catering hall today.**

22. Identify the existence, custodian, location, and provide a general description of any document that refers or relates to the purchase of the rights to operate the catering hall located at 69-02 Garfield Avenue in Woodside, New York. In response to this Interrogatory, the terms "rights" includes but is not limited to, the use of the name "Elite Palace," good will, contracts negotiated by the prior tenant for future services, materials, fixtures, labor, furniture, or any other items of value associated with the catering hall.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

23. Identify each person who was responsible for negotiating catering contracts with customers on behalf of ROYAL ELITE PALACE CATERERS LLC.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

24. Identify the number of events that were held at the catering hall located at 69-02 Garfield Avenue in Woodside, New York during the time period it was operated by ROYAL ELITE PALACE CATERERS LLC.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

25. Identify each individual to hold the liquor license relating to the service of liquor at the catering hall located at 69-02 Garfield Avenue in Woodside, New York during the time period it was operated by ROYAL ELITE PALACE CATERERS LLC.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

26. Identify the full name and last known address of each person responsible for ensuring ROYAL ELITE PALACE CATERERS LLC's compliance with state wage and hour laws.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

27. ROYAL ELITE PALACE CATERERS LLC's Sixth Affirmative Defense states "[t]his action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures." Describe the "policies and procedures" referred to in ROYAL ELITE PALACE CATERERS LLC's Sixth Affirmative Defense.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

28. Identify the existence, custodian, location, and provide a general description of each document that refers or relates to the "policies and procedures" referred to in ROYAL ELITE PALACE CATERERS LLC's Sixth Affirmative Defense.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

29. Identify all individuals who prepared, assisted and/or provided information relied upon, in part or in whole in the preparation of ROYAL ELITE PALACE CATERERS LLC's responses to these Interrogatories and to Plaintiffs' First Pre-Class Certification Request for Documents.

**RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense or proportional to the needs of the case.**

Dated: Lake Success, New York
November 22, 2019

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*Royal Elite Palace Caterers LLC*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**-----------------------------------------------------------------X**
**MIKHAIL SHULEPOV, individually and on behalf of all other persons similarly situated,**

**Plaintiffs,**

**-against-**

**ELITE PALACE LLC, ROYAL ELITE PALACE CATERERS LLC, and YAKOV VAYNSHTEYN,**

**Defendants.**
**-----------------------------------------------------------------X**

**Index No.: 150770/2017**

**ROYAL ELITE PALACE CATERERS, LLC'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST PRE-CLASS CERTIFICATION <u>REQUEST FOR DOCUMENTS</u>**

Defendant, Royal Elite Palace Caterers LLC (hereinafter "Defendant"), by and through its attorneys, Milman Labuda Law Group PLLC, responds to Plaintiff's First "Pre-Class Certification" Request for Documents as follows:

**<u>GENERAL OBJECTIONS</u>**

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, scope (temporal or otherwise), privilege, and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said responses set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Defendant objects to these uniformly overbroad document demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Defendant objects to Plaintiff's demands to the extent they are so overbroad that they impose an undue burden.

7. Defendant objects to Plaintiff's demands to the extent they are unreasonably vague and ambiguous.

8. Defendant objects to Plaintiff's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine, or self-critical analysis privilege.

9. Defendant objects to Plaintiff's demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendant objects to Plaintiff's demands to the extent they assume facts that have not been established. Defendant specifically reserves the right to object to the factual assumption made in these demands.

12. Defendant objects to Plaintiff's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the CPLR and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules. Defendant will respond to Plaintiff's demands in accordance with the applicable rules.

All of Defendant's responses are made subject to the above comments and qualifications

**SPECIFIC REQUESTS AND RESPONSES**

1. All documents that refer or relate to Defendants' document retention policies, record-keeping policies, and/or any deviations from such policies during the Relevant Period.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

2. Named Plaintiff's personnel file.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

3. All documents which refer or relate to the job duties of Named Plaintiff.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

4. All documents which refer or relate to the job duties of Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

5. Documents that identify each food service worker that was employed by Royal Elite Palace Caterers, LLC at the catering hall known as Elite Palace, located at 69-02 Garfield, Woodside, New York, 11377. A food service worker includes, but is not limited to, a waiter, runner, busser, or employee that performs similar tasks.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

6. All documents that refer or relate to Defendants' compensation policies and practices with respect to Named Plaintiff.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

7. All documents that refer or relate to Defendants' compensation policies and practices with respect to Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

8. All documents which reflect wages and/or compensation paid to the Named Plaintiff, including but not limited to payroll records, time records, 1099 forms, W-2 Forms, W-4 Forms, cash payment receipts, pay stubs, checks, and bank statements that reflect payment.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

9. All documents which reflect wages and/or compensation paid to Putative Class Members, including but not limited to payroll records, time records, 1099 forms, W-2 Forms, W-4 Forms, cash payment receipts, pay stubs, checks, and bank statements that reflect payment.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

10. All wage notices (e.g., Notice and Acknowledgment of Pay Rate and Pay Day under Section 195.1 of the New York Labor Law) provided by Defendants to Named Plaintiff and Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

11. All documents which refer or relate to city, state and/or federal taxes paid by Defendants on behalf of the Named Plaintiff and Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

12. All documents which reflect the time, day, and hours worked by Named Plaintiff during the Relevant Period, including but not limited to, time-sheets, time-cards, work schedules, emails, and calendars.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

13. All documents which reflect the time, day, and hours worked by Putative Class Members during the Relevant Period, including but not limited to, time-sheets, time-cards, work schedules, emails, and calendars.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

14. All documents relating to Defendants' policies and practices related to time recording devices, time recording computer programs, and/or any other methods that Defendants use to record hours worked by Named Plaintiff and Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

15. All documents that reflect deductions, alterations, adjustments, manipulation (digital, mechanical, computerized, electronic or manual) or corrections to time sheets, time cards, work schedules, time keeping software or calendars for the Named Plaintiff and Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

16. All documents, including any electronic communications (*e.g.*, e-mail or text messages), including but not limited to, communications or documents pertaining to Defendants' operation, employees, budget, management, and payroll.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

17. All documents similar in nature to an employee handbook, code of conduct, and/or house rules.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

18. All documents, including but not limited to employee contracts, employee agreements, employee applications, waivers, and releases completed in full or in part by Named Plaintiff and Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

19. All documents relating to the discipline of, hiring of, and termination Named Plaintiff.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

20. All documents relating to postings or handouts provided to Named Plaintiff and Putative Class Members informing them about the wage and hour requirements under the Fair Labor Standards Act and/or the New York State Labor Law.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

21. All documents that refer or relate to audits, investigations, inquiries, or studies by Defendants or any third party, including but not limited to any union, independent auditory, law firm, or governmental agency, referring or relating to Defendants' compliance or non-compliance with:

a. any state or federal wage and hour laws and/or regulations with respect to Named Plaintiff and Putative Class Members;
b. any state or federal requirements to pay workers all wages due;
c. any state or federal requirements to keep accurate records of the time worked by Named Plaintiff and Putative Class Members.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

22. All documents that refer or relate to lawsuits, administrative actions, complaints, grievances, or expressions of concern, whether formal or informal (and whether written or oral), by Named Plaintiff and Putative Class Members, union, or governmental body, whether made to a union, governmental body, or Defendants' employees, representatives, or other agents, that:

a. Defendants did not pay all wages due, including overtime pay and/or minimum wages;
b. Defendants did not pay employees for all work performed for Defendants; and
c. Defendants did not record hours of work performed employees;

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

23. All documents, including but not limited to electronic communications, emails, and text messages that reflect communications between Defendants or Defendants' representatives and Named Plaintiff or Putative Class Members, regarding the claims in this lawsuit or regarding this lawsuit.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, with respect to the Named Plaintiff only, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

24. All documents, including any electronic communications, regarding policies and procedures relating to tips and/or gratuities and/or service charges.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

25. All receipts, tickets, bills, invoices, event orders, purchase orders, online order forms, and catering contracts from catering orders and catering events that took place during the Relevant Period. To the extent it is overly time consuming and burdensome to produce a complete response to this Request, please immediately contact Plaintiff's Counsel to discuss production of a representative sampling.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

26. Any documents that provide an explanation of any "service charge," "administrative charge," "administrative fee," "service fee," "administration fee," "administration charge," or their derivatives, to customers.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

27. All documents including email correspondence that refer or relate to "service charge," "administrative charge," "administrative fee," "service fee," "administration fee," "administration charge," or their derivatives, or tips charged by Defendants to their customers for catering orders during the Relevant Period.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

28. All documents, including email correspondence, relating to, identifying, or explaining any of Defendants' policies and practices regarding tip and gratuity collection, retention, and distribution to Named Plaintiff and Putative Class Members during the Relevant Period.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

29. All documents showing the charging and/or collection of tips, gratuities, and/or services charges.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

30. All documents showing the break down and/or distribution of tips, gratuities, and/or service charges.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense. Subject to and without waiving said objections, after conducting a search for same, Defendant does not have any responsive, non-privileged documents in its possession, custody, or control. Defendant will continue to search for any such documents and produce same according to its ongoing discovery obligations.**

31. All documents relating to the relationship between ROYAL ELITE PALACE CATERERS LLC and ELITE PALACE LLC, including, but not limited to contracts, agreements, or purchase orders.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

32. All documents relating to the relationship between ROYAL ELITE PALACE CATERERS LLC and YAKOV VAYNSHTEYN.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

33. All documents relating to any business transactions between ROYAL ELITE PALACE CATERERS LLC and ELITE PALACE LLC.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

34. All documents relating to any business transactions between ROYAL ELITE PALACE CATERERS LLC and YAKOV VAYNSHTEYN.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

35. All documents relating to any advertising and/or promotional activities.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

36. All documents relating to the sale, lease, and/or other disposition of the property located at 69-02 Garfield, Woodside, New York, 11377.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

37. All documents relating to the sale, lease, and/or other disposition of the catering-hall business known as Elite Palace, located at 69-02 Garfield, Woodside, New York, 11377.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

38. All documents relating to, and including, any property management agreements, including but not limited to, with SYU Properties LLC.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

39. All documents related to Igor Tsan.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

40. A copy of each liquor license relating to the service of alcoholic beverages during the time period ROYAL ELITE PALACE CATERERS LLC operated the catering-hall known as Elite Palace, located at 69-02 Garfield, Woodside, New York, 11377.

**RESPONSE: Defendant objects to this demand on the grounds that it is overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

41. All documents Defendants intend to introduce on motion for class certification, motion for summary judgment, or at trial not previously provided.

**RESPONSE: Defendant objects to this demand on the grounds that it is premature, overly broad, overly burdensome, and seeks information that is not likely to lead to the discovery of admissible evidence concerning any claim or defense.**

Dated: Lake Success, New York
November 22, 2019

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*Royal Elite Palace Caterers LLC*