JACOBS P.C.
NEW YORK BUSINESS ATTORNEYS

November 10, 2022

<u>**Via ECF**</u>
Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 504N
Brooklyn, New York 11201

**Re:** ***Alicia Calderon v. Royal Elite Palace Caterers LLC et al.*, 21-cv-6367 (E.D.N.Y.) (EK) (MMH)**

**DEFENDANTS' LETTER MOTION TO COMPEL**

Dear Judge Henry:

We represent Defendants Royal Elite Palace Caterers LLC and Aba Cohen (together, the "Defendants") in the above-referenced action. Pursuant to Your Honor's Individual Rule V(B), we respectfully submit this letter motion for an Order compelling Plaintiff Alicia Calderon ("Plaintiff") to disclose the identity of her psychologist, which is the subject of Defendants' interrogatory 4.

On November 8, 2022, counsel for all parties participated in a meet-and-confer conference call for approximately 45 minutes.[1] Therein, Defendants' counsel provided authority – for at least the second time – for why a response to Interrogatory 4 is mandatory. As explained below, despite Defendants' best efforts, judicial intervention is necessary because the Plaintiff has refused to disclose the identity of all healthcare providers who treated her for the emotional injuries alleged herein. This information is vital for the Defendants to discover facts that establish that Plaintiff's alleged severe emotional distress was caused, at least in part, by other events and circumstances.

Specifically, Defendants' interrogatory 4 requests that Plaintiff:

> Identify the name, address, and phone number of any medical provider, including without limitation any medical doctor, physician assistant, nurse, psychotherapist, social worker, psychiatrist, psychologist who examined Plaintiff or treated Plaintiff with respect to the injuries claimed in this action, regardless of whether they are claimed to be physical and/or emotional in Plaintiff's Complaint or Plaintiff's First Amended Complaint.

*See* Ex. A hereto.

In response, Plaintiff objected on two grounds: (1) the psychotherapist-patient privilege and (2) relevance. *See Id*. As shown below, both objections are without basis.

First, Plaintiff has unequivocally alleged and sought damages for <u>**severe**</u> emotional distress. These serious allegations place her mental and emotional state at issue, which, in accordance with

[1] Defendants respectfully submit that the 45-minute meet and confer telephone call satisfies their meet and confer obligations under Fed. R. Civ. P. 37 and Your Honor's Individual Practice Rules.

well settled authority, waives the psychotherapist-patient privilege as a matter of law. Second, discovery concerning the Plaintiff's alleged severe emotional distress is highly relevant.

Where, as here, a party claims damages for emotional distress, that party waives any psychotherapist-patient privilege as to the notes and statements relevant to the time and subject matter of the action. *See e.g.*, *Cuoco v. U.S. Bureau of Prisons*, 2003 WL 1618530, at *2 (S.D.N.Y. Mar. 27, 2003) ("Cuoco directly put her mental and emotional state at issue when she claimed damages for emotional distress in this action"); *McKenna v. Cruz*, 1998 WL 809533, at *2 (S.D.N.Y. Nov. 19, 1998) ("a plaintiff who chooses to put his psychiatric or emotional condition in issue should be found to have waived his psychotherapist-patient privilege"); *In re Consolidated RNC Cases*, 2009 WL 130178, at *7 (S.D.N.Y. Jan. 8, 2009) (holding that the psychotherapist-patient privilege was waived where plaintiff's "affirmatively pleaded claims of emotional distress and mental or psychological injury and [sought] damages based upon these claims").

Plaintiff's initial Complaint alleged that Plaintiff suffered **<u>severe</u>** emotional distress and sought therapy to help her cope. *See* ECF 1 at ¶¶ 195-196. These serious allegations are consistent with Plaintiff's verified EEOC complaint, where she similarly alleged suffering significant emotional distress. *See* Plaintiff's verified EEOC Complaint attached hereto as Exhibit B at ¶¶ 45-49.[2]

On August 10, 2022, all parties appeared for a status conference before Your Honor. At the conference, undersigned counsel indicated they would be seeking medical authorizations from the Plaintiff. Counsel for the remaining Defendants expressed a desire to move to dismiss for failure to join a necessary party, prompting Plaintiff to seek amendment of her complaint "to address the fact that some defendants have been dismissed." *See* Transcript of August 10, 2022 Conference, annexed hereto as Exhibit C, at 11:5-7. Indeed, the Plaintiff's proposed amendment was for the following purpose: "to remove dismissed parties and possibly to add parties." ECF 49; Ex. C, generally.

Thereafter, Plaintiff's August 31, 2022 letter to the Court (ECF 51) claimed that "The Proposed First Amended Complaint is substantially similar in all material respects, with the exception of removing certain Defendants." However, in a thinly veiled attempt to avoid disclosing mental health records and the identity of those providers, on September 19, 2022, Plaintiff's now operative Amended Complaint ***shockingly removed any reference to the Plaintiff undergoing therapy***. See ECF 56.

On August 10, 2022, Plaintiff claimed that because she was purportedly only seeking "garden-variety emotional distress" damages, she was not obligated to provide discovery concerning her therapist/medical records. See Ex. C, 17:21-22. Your Honor correctly was not persuaded by this argument and stated to the Plaintiff that she should "carefully consider because at the point where one of the requests for relief is damages on the basis of emotional distress, I think as a matter of discovery the defendants are likely entitled to have information on [sic] other than your client's testimony regarding for [sic] emotional distress." Ex. C, 18:6-11.

[2] In her EEOC complaint, Plaintiff verified under oath the following statement: "Calderon has suffered significant emotional distress as a result of being verbally, physically, and sexually harassed for two and a half years …" See Ex. B.

Importantly, the Amended Complaint is ***replete*** with assertions that the Plaintiff suffered from significant emotional distress, depression, and anxiety. *See* ECF 56 at ¶¶ 179[3]; 181[4]; 182[5]; 183[6]; 223 and 228[7]; 233 and 237.

During the 45-minute meet and confer call, just as in the August 10, 2022 conference, Plaintiff claimed that her invocation of the psychotherapist-patient privilege was proper because the Plaintiff is purportedly only seeking "garden variety" emotional distress damages. This argument is without merit because the Plaintiff's own allegations highlighted above make clear that she is alleging a **serious** emotional injury that is far from "garden variety." Even where a party seeks to limit their emotional distress damages to seek "garden variety" damages, where, as here, a pleading clearly alleges severe emotional distress, the psychotherapist-patient privilege is waived. *See e.g.*, *Green v. St. Vincent's Medical Center*, 252 F.R.D. 125, 129 (D. Conn. 2008) (holding that privilege was waived even where a party tried to "narrow the scope" of the emotional distress claim in a memorandum of law because "it is the Complaint that defines the claims"); *Marsteller v. Butterfield 8 Stamford LLC*, 2017 WL 5769903, at *3 (D. Conn. Nov. 27, 2017) (holding that privilege was waived where Plaintiff sought to avoid waiver "by asserting that she is only seeking damages for 'garden variety' emotional distress" because "her claims require a showing of severe emotional distress"); *Russell v. Westchester Community College*, 2022 WL 1176909, at *3 fn. 2 (S.D.N.Y. Mar. 11, 2022) (holding that mental health records were discoverable even where plaintiff proposed to limit the "emotional distress claim" to "garden variety" because the "plaintiff had opened the door to disclosure").

As Your Honor aptly noted, even if no expert is called, Plaintiff's emotional distress damages can be established through her own testimony. Thus, if the Defendants are not able to obtain records from the Plaintiff's healthcare providers, they will be unfairly prevented from discovering if her alleged emotional distress damages were caused, at least in part, by other events. *See Cuoco*, 2003 WL 1618530, at *2*, citing Montgomery v. New York State Office of Mental Health*, 2002 WL 500357 (S.D.N.Y. Apr. 3, 2002) ("Because Cuoco can establish her emotional distress claim through her own testimony, "[d]efense counsel has a right to inquire into [Cuoco's] pasts for the purpose of showing [her] emotional distress was caused at least in part by [other] events and circumstances."). Obviously, the first step in seeking these records is ascertaining the identity of the Plaintiff's psychotherapist. This is the classic case where a party improperly seeks to invoke a privilege as both a shield and a sword. *See e.g.*, *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) ("[W]aiver may be implied in circumstances where it is called for in the interests of fairness," including "when the party attempts to use the privilege both as 'a shield and a sword.'").

In light of the above, by alleging **severe** emotional distress damages, the Plaintiff has placed her emotional state at issue, waiving the psychotherapist-patient privilege. Given the serious allegations set forth in the Amended Complaint, the Plaintiff cannot claim "garden variety"

---

[3] "Ms. Calderon suffered significant emotional distress…"
[4] "Immediately after her termination…Calderon fell into a deep depression. For weeks…[she] was unable to leave her house, and on some days could not even get out of bed."
[5] "During the weeks of depression…[she] found it extremely difficult to find new employment or even carry out day-day household tasks."
[6] "Ms. Calderon continues to suffer emotional distress…"
[7] "As a result of the acts and conduct complained of herein…Plaintiff suffered and will continue to suffer… severe emotional, psychological and physical stress, distress, anxiety…"

emotional distress damages.  The Defendants should be able to discover facts from all healthcare providers who allegedly treated the Plaintiff with respect to the alleged serious emotional injuries in this action.  For all of these reasons, Defendants respectfully request an Order from this Court compelling the Plaintiff to fully answer Interrogatory 4.

Respectfully submitted,

/s/ Adam Sherman
Adam Sherman

cc: All counsel of record (via ECF)