JACOBS P.C.
NEW YORK BUSINESS ATTORNEYS

November 15, 2022

***Via ECF***
Hon. Marcia M. Henry
Eastern District of New York
225 Cadman Plaza East
Courtroom 504N
Brooklyn, New York 11201

**Re:** ***Alicia Calderon v. Royal Elite Palace Caterers LLC, et al.***
**21-cv-6367(EK)(MMH)**

**Defendants' Letter Brief in Opposition to Plaintiff's Motion to Compel**

Dear Judge Henry:

We represent Defendants Royal Elite Palace Caterers LLC ("Royal Elite") and Aba Cohen in the above-referenced action. We write in opposition to Plaintiff's misleading letter motion seeking to compel compliance with Plaintiff's requests for production ("RFP") (the "Motion to Compel"). ECF Doc. 63.

Plaintiff's motion should be denied at the outset because her counsel, Jillian Weiss, failed to comply with her meet and confer obligations under FRCP 37(a)(1), violating Your Honor's Individual Rule V(B)(1)(a). Moreover, this Motion to Compel is nothing more than a failed attempt by the Plaintiff to "run to Court" to be the first party file a motion to compel.

In that regard, contrary to Ms. Weiss's assertions, since July 2022, there has not been a meet and confer with undersigned counsel regarding the RFP, nor an attempt to do so. This is precisely why a certification of compliance with FRCP 37(a)(1) is absent, and why Ms. Weiss provides no details regarding further "discussions" with Defendants' counsel since July 2022.[1]

Significantly, this Motion to Compel was only filed after Defendants' counsel informed Ms. Weiss on November 8, 2022 (Ex. A), that we will be filing our motion to compel a response to Defendants' interrogatory seeking the identity of Plaintiff's mental health providers unless Ms. Weiss provides authority to the contrary. On November 10, 2022, Ms. Weiss replied to our email (Ex. A) by citing to inapposite case law, and making a bizarre request to further amend the complaint by agreement (after already amending on September 19, 2022, just two months ago (ECF Doc. 56)). In fact, during the 45-minute meet and confer telephone call on November 8, 2022 that concerned an entirely different subject (interrogatories served by both parties), Ms. Weiss did not discuss nor even mention the RFP whatsoever. Rather, Ms. Weiss, only after being informed of the Defendants' intention to move to compel, hastily drafted this Motion to Compel and filed it minutes before midnight that same day. These are the precise circumstances in which

[1] Importantly, another reason why Plaintiff failed to satisfy her meet and confer obligations is because Plaintiff oddly chose to conduct meet and confer discussions regarding the RFP with **only** undersigned counsel. That is, each meet and confer discussion preceding July 2022 completely left out counsel for the other defendants in this action. We are confused as to why Plaintiff's counsel did not meet and confer with counsel for the other defendants, who have sole possession, custody and control of the documents sought by the RFPs at issue in this Motion to Compel.

courts routinely deny motions to compel for failure to meet and confer under FRCP 37. *See e.g.*, *Chow v. SentosaCare, LLC*, 2020 WL 13076003, at *2 (S.D.N.Y. Apr. 9, 2021) (denying motion to compel because of "the failure of the parties to properly meet and confer before resorting to motion practice"); *Tory Burch LLC v. Creative Eyewear, Inc.*, 2013 WL 1294561, at *2 (S.D.N.Y. Apr. 1, 2013) (denying motion to compel because of the "failure to meet and confer"). For this reason alone, pursuant to Your Honor's Individual Rule V(B)(1)(a), Ms. Weiss' motion should be denied.

In addition, on August 10, 2022, Your Honor directed the parties to meet and confer before making discovery motions. *See* Transcript of August 10, 2022 Conference (Ex. B), at 18:19-24. In accordance with Your Honor's directive, the parties met and conferred via telephone on November 8, 2022, from approximately 11:00 a.m. to 11:45 a.m. regarding the parties' respective interrogatory responses. At no point did Ms. Weiss mention supplementing our responses to Plaintiff's RFP. Rather, Ms. Weiss agreed to narrow and clarify certain of Plaintiff's interrogatories after we provided support for our objections. Ms. Weiss' motion must be denied as premature for this additional reason because she has not narrowed or clarified the RFP's at issue.

If Your Honor entertains Ms. Weiss' procedurally and factually deficient motion, our objections to each RFP remain as follows:

*RFP 1, 6, 8, 11, 23, 26, 54*: Our responses unequivocally state that our Defendants are not in possession of the documents requested, and further indicate that Co-Defendant Alexandra Hiaeve may have custody or control of these documents. Ms. Weiss's characterization of Ms. Hiaeve as a former employee is untrue, because Ms. Hiaeve was a co-owner of the corporate defendant and is a Defendant in this action. It is well settled that a party cannot be compelled to produce documents which it does not possess. *See e.g., Clones Investment, LLC v. People's Insurance Company of China and Casualty Company Limited*, 2019 WL 10817175, at *2 (S.D.N.Y. Jan. 31, 2019) (denying motion to compel despite a party's argument that documents were "intentionally withheld" because the documents at issue were in the possession, custody or control of the other party and "a party need only produce documents in discovery that are within its possession, custody or control").

Indeed, the case law cited by Plaintiff is inapposite – both on the facts and the law. While there may be a duty to obtain records from ***third parties***, the party being compelled to produce documents must be in control over that third party. *See e.g.*, *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D.N.Y. 2010) (holding that "to the extent that the [documents] were not within [defendant's] possession, custody or control, [defendant] had no obligation to produce them"); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 61472, at *4 (S.D.N.Y. Jan. 6, 2014) (holding that a party was "under no duty to produce documents solely in [third-party's] possession").

Here, neither Mr. Cohen nor Royal Elite has control over Ms. Hiaeve – a co-defendant represented by counsel. Ms. Weiss' suggestion that Mr. Cohen simply contact Ms. Hiaeve blurs the line between a represented party and a non-party. Courts have denied motions to compel for this exact reason – where a party seeks to compel a party to produce records that are in the sole possession, custody and control of another co-defendant. *See, e.g.*, *In re Perrier Bottled Water*

*Litigation*, 138 F.R.D. 348, 350-351 (D. Conn. 1991) (denying motion to compel because "[a]s Source Perrier is also a defendant in this action, the Court fails to see legitimate reason why these defendants should be required to produce documents under a co-defendant's control").

*RFP 4*: Ms. Weiss requests formation documents from Royal Elite for all related and unrelated entities going back nearly 15 years to ascertain successor liability. However, Ms. Weiss dismissed several corporate defendants from her initial "shotgun" pleadings because, to her satisfaction, those entities established that they bear no liability here. Ms. Weiss has no basis to ascertain successor liability with such sweeping demands, especially when determinations as to successor liability have already been made. Moreover, Ms. Weiss posited a similar interrogatory and separately agreed to narrow, clarify, and provide support for that interrogatory, which the Defendants agreed to answer. See Ex. A.

*RFP 5*: Ms. Weiss is seeking to bridge the gap between ownership of non-party Elite Palace, LLC and Royal Elite. Similar to RFP 4, Ms. Weiss subsequently made her determination as to potentially liable parties, and already has the information she seeks. *See* Ex. 4 to Ms. Weiss' motion. ECF Doc. 63-6.

*RFP 14 & 17*: Ms. Weiss already made her determinations as to successor liability. Moreover, workers' compensation and disability insurance compliance is irrelevant to determining Plaintiff's claims, nor has Plaintiff alleged any such compliance violations. This RFP is irrelevant under FRCP 26.

*RFP 34*: Ms. Weiss agreed to narrow this RFP in July 2022. To date, she has failed to do so.

*RFP 43:* Ms. Weiss sought similar documents in her interrogatories. She has agreed to narrow those interrogatories and thus must narrow this RFP as well.

*RFP 44*: This RFP is on its face not relevant, prejudicial and abusive. *See e.g.*, *Tahirou v. New Horizon Enterprises, LLC*, 2022 WL 596741, at *6 (D. Conn. Feb. 28, 2022) (striking "the allegations concerning the criminal convictions allegedly sustained by the three individual Defendants, which appear in paragraphs 12, 15, and 18 of the Proposed SAC, should be stricken pursuant to Rule 12(f) … such allegations are immaterial, impertinent, and scandalous").

*RFP 47*: During the pre-July 2022 meet and confer process, we explained to Plaintiff that the records sought by this RFP were in the sole possession, custody and control of co-defendant Alexandra Hiaeve, the company's bookkeeper.

*RFP 54*: In the Motion to Compel, Ms. Weiss misstates our Defendants' objections. Her perusal of Miriam-Webster's online dictionary notwithstanding, Defendants did not object to this RFP on the grounds of vagueness. Rather, as in our response above, Ms. Hiaever would have these records, to the extent they exist. Again, she is a codefendant and represented party over whom neither Royal Elite nor Mr. Cohen exert control. Accordingly, our Defendants' objections are proper.

*RFP 71*: Defendants have no record of Ms. Weiss's agreeing to narrow this RFP. It is likely that Ms. Weiss is conflating it with a similar interrogatory that Ms. Weiss agreed to narrow during the above-referenced November 8, 2022 meet and confer telephone call.

In light of the above, Defendants Royal Elite and Aba Cohen respectfully request that Ms. Weiss' motion be denied, and the Court enter an Order directing the parties to meet and confer on Plaintiff's RFP.

Respectfully submitted,

*/s/ Adam Sherman*
Adam Sherman

cc: All counsel of record (via ECF)