# EXHIBIT A

**From:** Corinna Svarlien <corinna.svarlien@maketheroadny.org>
**Sent:** Thursday, November 10, 2022 12:57 PM
**To:** Adam Sherman
**Cc:** Jillian Weiss; Leo Jacobs; Emanuel Kataev; Cristobal Gutierrez; Eduard Kushmakov
**Subject:** Re: Our discussion today regarding discovery issues

Counsel,

Following up on our call on Tuesday:

1. Regarding interrogatory no. 11, I hope that these edits and our conversation on Tuesday will clarify the policies we are seeking:
"Identify all written personnel policies in effect at any time between January 1, 2013 to the present, if any, that set forth the policy and/or procedure Royal Elite Palace had in place for employees to make complaints of discrimination and harassment, including any revisions thereto."

2. For the matter of independent interpretation, we have not yet agreed to this but can provide the following contact information for a potential interpreter: Maria.Sigourney@outlook.com +1 781-392-5077

3. You had asked for case law regarding our objection to providing attorney's fees prematurely:

> In line with courts in this circuit that have held similarly, this Court agrees that attorney's fees are not relevant at this stage in the litigation. See Antolini v. McCloskey, 335 F.R.D. 361, 363 (S.D.N.Y. 2020) ("Rule 26(a) does not require these disclosures. A computation of attorney's fees is simply not a required disclosure under Federal Rule of Civil Procedure 26(a).... Even when attorney's fees are requested in the complaint, the plaintiff is not required to provide a computation of the amount, because entitlement to, and amount of, fees cannot be known until one party has prevailed." (citations and internal quotation marks omitted)); see also Abdel-Samed v. ING Life Ins. & Annuity Co., No. 3:12-CV-925 (RNC), 2013 WL 1962673, at *1 (D. Conn. May 10, 2013) ("Notwithstanding the potential relevance of a fee agreement to a post-trial application for fees, it has no bearing on liability. As this case is still in the pre-trial phase, defendants' request for plaintiff's attorney fee agreement is premature.").

Shannon v. Liberty Mutual Group Inc., 2021 WL 2644742, at *9 (D.Conn., 2021)

4. Regarding the psychotherapist privilege:

We reviewed the Amended Complaint after our discussion yesterday, and realized that we had intended to revise ¶¶ 223, 228, 233 and 237 to read as follows:

> As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer damages including but not limited to economic and pecuniary losses (past and future) – such as income and any other compensation that she was denied because of her sex and gender identity; emotional distress, physical sickness and injury, pain and suffering; loss of enjoyment of life; and other pecuniary and non-pecuniary losses and damages.

We also plan to remove paragraphs 182-183. We request your consent to these amendments.

However, as discussed in our conversation on Tuesday, we do not believe our client has waived her therapist-patient privilege because of alluding to emotional damages, be it in severe or garden variety injury. We think the overwhelming majority of case law is on our side.

The Second Circuit has "soundly rejected the contention that "anybody who asks for [damages for] pain and suffering has waived the psychiatric privilege ... [and that] a claim of 'garden variety' injury waives the psychotherapist-patient privilege." Doe v. Sarah Lawrence Coll., 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021) (quoting In re Sims, 534 F.3d 117, 130 (2nd Cir. 2008). See also Belvin v. Electchester Management, LLC, 2022 WL 10586743, at *2-3 (E.D.N.Y. Oct. 18, 2022); Galgano v. County of Putnam, 2020 WL 12968021, at *1 (S.D.N.Y. Sep. 9, 2020).

This is not a case in which Plaintiff waives the psychotherapist privilege by asserting a claim that necessarily puts emotional state at issue by being a required element of proving Plaintiff's claim. Compare with Doherty v. Bice, 2021 WL 4219696, at *4 (Sep. 15, 2021); Doe v. Sarah Lawrence Coll., 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021). Nor is the Plaintiff seeking such high damages for emotional distress that the question is at the heart of the litigation. Compare with Doe v. Sarah Lawrence Coll., 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021)(in which Plaintiff sought over $6,000,000 in damages). Nor has the Plaintiff introduced some documents relevant to psychotherapist treatment, waiving the privilege. Compare to Belvin v. Electchester Management, LLC, 2022 WL 10586743, at *2-3 (E.D.N.Y. Oct. 18, 2022).

Even in cases where Plaintiff has asserted specific and more severe emotional distress earlier in the proceedings, courts have found that a Plaintiff who seeks only garden variety emotional distress has not waived the psychotherapist privilege. Weber v. Resource Training Center, Inc., 2014 WL 12971568 at *2 (E.D.N.Y. Dec. 23, 2014); Galango v. County of Putnam, 2020 WL 12968021 at *1 (S.D.N.Y. Sep. 9, 2020). In these cases, the court directed Plaintiff to submit an affidavit "disavowing any claim to non-garden variety emotional injury, expressly agreeing not to offer any privileged information or other evidence regarding any psychiatric condition she may have at trial or in connection with dispositive motion practice, and expressly agreeing not to offer any evidence at trial or in connection with dispositive motion practice of [her specific fear caused by the discrimination]." Weber 2014 WL 12971568 at *2.

Therefore, we maintain our position as discussed and that you are not entitled to seek therapy records as part of discovery but we are happy to brief this issue before the court.

Best,
Corinna

On Tue, Nov 8, 2022 at 3:11 PM Adam Sherman <adam@jacobspc.com> wrote:

Jillian:

Thank you for taking the time to draft.

Regarding Defendants' interrogatory 4, our office took the time to research the issue, which we believe is highly relevant to this action, and this is the second time we've discussed it with you over the phone. We believe that our position is supported by well settled authority. Accordingly, if we do not receive authority clearly rebutting the cases we've already sent you by close of business on November 10, 2022, we file our motion to compel.

Best regards,

--

**Adam Sherman, Esq.**
Associate Attorney
Jacobs PC

+1 (212) 229-0476 | fax +1 (718) 228-2576
adam@jacobspc.com

https://jacobspc.com

595 Madison Avenue 39th Floor
New York, NY 10022

---

NOTE: This message, and any attached files, may contain privileged or confidential information. It is intended for use only by the addressee(s). Any disclosure, copying, or distribution of, or reliance upon, this message by anyone else is strictly prohibited. If you received this message in error, please notify the sender by reply to the e-mail message or by telephone to one of the numbers above.

On Tue, Nov 8, 2022 at 1:00 PM Jillian Weiss <jweiss@jtweisslaw.com> wrote:

Counsel,

I am setting forth here in summary fashion our discussion regarding certain items in discovery. If I missed anything or incorrectly stated anything, please let us know.

Responses of Royal and Cohen to Plaintiff's Interrogatories
Nos. 2, 5, 12: will supplement
Nos. 6, 7: will supplement, narrowed to time Plaintiff worked there
No. 8: will indicate if clients have knowledge, and will include objections
No. 9: narrowed to 6902 Garfield Avenue LLC, 6902 Garfield IZ LLC and Elite Palace LLC; Royal and Cohen will supplement
No. 10 will supplement to provide names to the extent of their knowledge, but may not have knowledge
No. 11 Plaintiff will specify more clearly the policies requested
No. 13 Defendants request authority similar in time span and "all employees," and they will send authority to the contrary
No. 14 will supplement
No. 15 Disagreement because of time span, "all employees," and subject matter requested. Plaintiff agreed to reduce to a year before and a year after her employment. Defendant request authority similar in time span, "all employees" and subject matter.

Responses of Plaintiff to Royal and Cohen's Interrogatories
No. 2. Disagreement, Defendant requests case on premature objection
No. 4 Disagreement, Plaintiff says privilege is not waived for garden variety, Defendant posits cases indicating that it would be waived for garden variety, but also notes that EEOC charge, original Complaint and Amended Complaint contain allegations of severe emotional distress. Plaintiff's counsel disagreed because only the Amended Complaint is operative, and expressed surprise regarding allegations of severe emotional distress in the Amended Complaint. Defendants pointed to ¶¶ 170-185, 223, 228 and others. Plaintiff will consider and get back to Defendants with a response. Defendants requested case on effect of changing a severe emotional distress allegation to simply "emotional distress."
No. 5 Plaintiff agreed to clarify the issue of gap between termination and new employment, and to provide employment sought if there is any gap.

Mr. Kataev suggested his clients may wish to have a neutral interpreter present for Ms. Calderon, and Ms. Weiss agreed to obtain rates for translators.

Jillian T. Weiss
Law Office of Jillian T. Weiss, P.C.
226 Prospect Park West, No. 104
Brooklyn, New York 11215
Tel: (845) 709-3237
Fax: (845) 684-0160

<she/her>

EMAIL NOTICE No implied permission to forward. Employer-provided system data, including smartphones, can be viewed by the employer.

BAR ADMISSIONS Jillian T. Weiss is admitted to practice law in New York and New Jersey only. Statements herein are not intended as legal advice or to create an attorney-client relationship unless and until you and this firm have signed a written retainer agreement.