MAKE THE ROAD NEW YORK
DIGNIDAD, COMUNIDAD Y PODER

November 15, 2022

**Via ECF**
Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 504N
Brooklyn, New York 11201

**Re: *Alicia Calderon v. Royal Elite Palace Caterers LLC et al., Plaintiff's Letter Brief in Opposition to Defendant's Motion to Compel Responses to Interrogatories***
**21-cv-6367 (E.D.N.Y.) (EK) (MMH)**

---

Dear Judge Henry:

This office, along with the Law Office of Jillian T. Weiss, P.C., represent Plaintiff Alicia Calderon, in the above-referenced matter. We write in opposition to the Motion to Compel filed by Defendants Royal Elite Palace Caterers LLC ("Royal Elite") and Aba Cohen (together "the Defendants"). ECF Doc. 64. The Defendants seek information about all medical professionals who have provided Ms. Calderon with mental or physical treatment with respect to the injuries claimed in this action so that they may obtain medical records. The Plaintiff is not seeking damages for physical injury. Therefore, the request for physical health care providers is not relevant to Plaintiff's mental condition, nor is it proportionate to the needs of the case. *Lockett v. Target Corp*., 2021 WL 6498200, at *3 (D.Conn., May 19, 2021) (seeking all of physical medical records is not relevant, and disproportionate to the needs of the case.)

The information regarding mental health professionals is also objectionable. Because Plaintiff is only seeking "garden variety" emotional distress damages. She has advised the Court and counsel that she will not be introducing medical records or testimony of medical professionals or experts. Transcript of August 10, 2022 Conference [ECF 64-3] at 17:21-25 Therefore, information relating to mental health treatment is not relevant to the case, and is protected by psychotherapist-patient privilege.

Defendants rely on case law that is over ten years old and no longer reflects the state of the law in this Circuit. They fail to cite the Second Circuit authority that controls this issue, *In re Sims*, 534 F.3d 117, 140-41 (2d Cir. 2008). In *Sims*, "the Second Circuit has held that a claim for 'garden variety' emotional distress damages is insufficient to put the plaintiff's mental health 'in

controversy' or find implied waiver [of the psychotherapist-patient privilege.]" *Belvin v. Electchester Management, LLC*, 2022 WL 10586742, at *2 (E.D.N.Y. Oct. 18 2022) (quoting *In re Sims*, 534 F.3d 140-41).

In addition to being pre-*Sims*, nearly all of Defendants' cases involve claims that necessarily put the plaintiffs' emotional state at issue, such as intentional or negligent infliction of emotional distress. *See e.g. Marsteller v. Butterfield 8 Stamford LLC*, 2017 WL 5769903, at *3 (D. Conn. Nov. 27 2017) (intentional infliction of emotional distress); *In re Consolidated RNC Cases*, 2009 WL 130178, at *7 (intentional and negligent infliction of emotional distress); *Green v. St. Vincent's Medical Center*, 252 F.R.D. 125, 129 (D. Conn. 2008) (negligent and intentional infliction of emotional distress); *Cuoco v. U.S. Bureau of Prisoners*, 2003 WL 1618530, at *3 (S.D.N.Y. Mar. 27, 2003) (FTCA claim against officers who put plaintiff in restraints necessarily involved mental status to determine their good faith and reasonableness of their action); *Russell v. Westchester Community College*, 2022 WL 1176909, fn 2 at *3 (S.D.N.Y. 2022) (plaintiff asserted defendant's reason for firing him, his grouchy attitude, was a result of his emotional harm caused by the defendants). In the present case, Ms. Calderon does not need to prove that she suffered emotional distress in order to establish that the Defendants discriminated against her by failing to protect her from harassment and firing her in retaliation for complaining about the harassment. Therefore, her psychotherapy providers (and records) are not relevant to this action.

Defendants have identified a series of cases in which plaintiffs claimed garden-variety emotional distress damages *and* made claims in which "Plaintiff's mental health will inevitably factor into an evaluation of whether Defendants are liable." *Doherty v. Bice*, 2021 WL 4219696, at *4 (S.D.N.Y. Sep. 15, 2021). These cases establish that there are times in which even a plaintiff seeking only garden-variety emotional distress damages may waive their psychotherapist-patient privilege through another means—most commonly by asserting claims that put their emotional state at issue or by seeking significant damages for future mental health treatment based on "serious and possibly permanent emotional harm." *Doe v. Sarah Lawrence College*, 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021) (plaintiff claimed garden-variety emotional distress damages but sought over $6 million in damages including hospitalization and loss of future earnings). However, they do not establish that Ms. Calderon has waived the privilege.

In accordance with Ms. Calderon's decision regarding the garden variety nature of the damages sought, we removed references to Ms. Calderon seeking therapy as a result of Defendants' discrimination and to her emotional distress being "extreme" .[1] Compare Original Complaint [ECF 1] ("OC") ¶ 191-6 with the First Amended Complaint [ECF 56] ("FAC") ¶ 179-84. However, Defendants have argued that Plaintiff cannot assert a garden variety case, because the word "severe" was not deleted in certain places in the Amended Complaint. While Plaintiff believes this argument to be in error, we have, in an excess of caution, contacted Defendants and asked them to allow us to make these amendments. We have not yet received a response. We will be filing a motion asserting good cause under Fed. R. Civ. P. 16 for leave to

[1] She did seek psychotherapy, but Plaintiff will not use any information from her psychotherapy to assert her claim to garden variety emotional distress. In addition, her psychotherapy was initiated in or about 2015 to assist her with gender identity, and any discussion of the claims at issue were incidental to that.

amend in the coming days.

However, even were this oversight to be irremediable, it does not create waiver of Ms. Calderon's right to keep her personal mental health records private. Courts have found that even when plaintiffs have offered evidence of specific and severe emotional distress, they may preserve the psychotherapist-patient privilege by "submit[ting] an affidavit disavowing any claim to non-garden variety emotional injury, expressly agreeing not to offer any privileged information or other evidence regarding any psychiatric condition she may have at trial…" *Weber v. Resource Training Center, Inc.*, 2014 WL 12971568, at *2 (E.D.N.Y. Dec. 23, 2014) (plaintiff testified that defendants' discrimination caused her to be fearful of seeking a similar position with other employers). *See also Galgano v. County of Putnam*, 2020 WL 12968021, at *1 (S.D.N.Y. Sep. 9, 2020) (plaintiff made "arguably broader descriptions of his emotional distress" beyond typical garden-variety claims); *Jacobs v. Conn. CMTY. Tech. Colleges*, 258 F.R.D. 192, 197 (D. Conn. 2009) (plaintiff submitted letters from his psychotherapists stating that he was being treated for specific psychological conditions caused by defendants' discrimination). Ms. Calderon wishes to pursue only garden-variety emotional distress damages and is prepared to submit such a statement.

We respectfully ask the Court to deny Defendants' Motion to Compel Responses to Interrogatories.

Respectfully submitted,

Corinna Svarlien

Corinna Svarlien
Corinna.svarlien@maketheroadny.org
Staff Attorney
Workplace Justice Project
Make the Road New York
92-10 Roosevelt Avenue
Jackson Heights, NY 11372
*Counsel for Plaintiff*