## SETTLEMENT AGREEMENT

This is a Settlement Agreement (hereinafter "Agreement") between Royal Elite Palace Caterers LLC (the "Corporate Defendant" or "Royal"), Alexandra Hiaeve ("Hiaeve"), Aba Cohen a/k/a Aba Kolnov a/k/a Aba Koiunov ("Cohen"), Roben Katanov ("Katanov"), and Yuri Yonayev ("Yonayev") (Hiaeve, Cohen, Katanov, and Yonayev collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"), on the one hand, and Alicia Calderon ("Calderon"), on the other hand. The Defendants and Calderon may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS,** Calderon alleges that she was employed by each of the Defendants;

**WHEREAS,** Calderon alleges that she was terminated from her employment with the Defendants on or about June 21, 2019;

**WHEREAS,** a dispute arose between the Parties concerning Calderon's employment relationship with the Defendants;

**WHEREAS,** Calderon commenced a case against the Defendants in the United States District Court for the Eastern District of New York, Case No.: 1:21-cv-6367 (EK) (MMH) (hereinafter the "Lawsuit");

**WHEREAS,** the Parties conducted a mediation on November 14, 2022 and reached a settlement in principle;

**WHEREAS,** for privacy concerns the parties have agreed to divide their settlement agreement, one concerning Calderon's discrimination claims and another concerning the wage and hour violations, both submitted to the Court, and;

**WHEREAS,** the Defendants and Calderon desire to fully and finally resolve all differences between them as a result of the settlement reached at the mediation.

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.** In consideration for Calderon's execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Calderon the total gross amount of seventeen thousand three hundred two dollars and eighty-three cents ($17,302.83) (the "Settlement Payment").

    a. The Settlement Payment shall be made shall be made on the schedule that follows:

        (i) within thirty (30) days of Court approval of this agreement, the Defendants shall issue a check made payable to Calderon in the total amount of seventeen thousand three hundred and

two dollars and eighty-three cents ($17,302.83), to Calderon's Counsel. The entirety of the settlement payment will be paid to Ms. Calderon.

        b.     Calderon agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to her and her legal counsel under this Agreement and other agreements between the parties incorporated by reference herein and that Calderon will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement. Calderon agrees, affirms, and acknowledges that, after payment of the amounts specified herein, she has been paid all wages and wage supplements and all other amounts owed to her for any reason by the Defendants.

        c.     Calderon shall issue a W-9 with this agreement and receive a Form 1099 for this payment. Calderon further agrees that she shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Calderon understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Further, Calderon agrees to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Calderon on the Settlement Payment.

    3.    **Claims Released by Calderon.**

        a.     In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Calderon, and Calderon on behalf of her family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) for actual and/or alleged violations of the Fair Labor Standards Act (FLSA) or New York Labor Law (NYLL) which were alleged in this Action. These claims were for violations of overtime payments, spread of hours payments, wage notice requirements, and wage statement requirements. This release is limited to those claims raised in the Action. Claims which may not be released as a matter of law are not released. For the sake of clarity, this release does not relieve Defendants of their obligations under this Agreement.

        b.     This release and waiver of claims shall not be construed to impair Calderon's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. This Agreement does not prohibit or bar Calderon from discussing or making statements about this Agreement or the underlying facts, including, but not limited to, providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Calderon agrees to release and waive and hereby does release and waive her right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Calderon's behalf, either individually or as part of a collective action, by any governmental agency or other third party, with the exception of the FLSA and NYLL claims previously filed to the extent that the Court may order relief in the action of which this Agreement is the subject.

4.   **Calderon's Representations and Warranties.**   Calderon hereby represents, warrants, acknowledges, and affirms as follows:

   a.   that she has not filed or permitted anyone to file on her behalf, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than those referenced herein;

   b.   that she has been paid and has received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which she may be due for any reason, except as provided in this Agreement; and

   c.   that she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

5.   **Response to Inquiries on Employment.**   If a prospective employer of Calderon contacts the Defendants seeking an employment reference, the Defendants will only provide Calderon's dates of employment and her position held with the Defendants.

6.   **Breach of Agreement.**   Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued in any court of competent jurisdiction. The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles.

7.   **Court Retains Jurisdiction.**   The Court shall retain jurisdiction over this Agreement until all payments have been completed. If Defendants fail to make timely payments in accordance with this Agreement, Defendants will pay Plaintiff's reasonable costs and reasonable attorneys' fees for any action require to recover payments. Prior to taking any such action, Plaintiff shall provide Defendants with notice and ten (10) business days to cure via e-mail to Defendants' respective counsel.

8.   **Severability.**   The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

9.   **Non-Waiver.**   No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns. The Defendants may assign this Agreement without notice in their sole discretion.

10.   **Effective Date.**   The Effective Date of this Agreement shall be eight days after the provision to Defendants of a W-9 form from Plaintiff, a copy of this Agreement, and the Preference Agreement signed by Plaintiff, so long as not effectively revoked.

11.   **Headings.**   The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

12.   **Multiple Counterparts.**   This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

13.     **Representation by Counsel and Entire Agreement**. This Agreement, and other related agreements between the parties incorporated by reference herein, sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties. The Parties agree that this Agreement, and other related agreements between the parties incorporated by reference herein, was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

14.     **Voluntary Agreement.** By signing in the space provided below, the Parties agree and affirm that:

   a.   The Parties have been advised to and have carefully read and fully understand all of the provisions of this Agreement and other agreements between the parties incorporated by reference herein;

   b.   Calderon has had at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with her attorney of choice before executing this Agreement;

   c.   This Agreement is legally binding, and by signing it, Calderon understands that she is giving up certain rights, including her right to pursue any claims against the Releasees for actual and/or alleged violations of the Fair Labor Standards Act (FLSA) or New York Labor Law (NYLL) which were alleged in this Action;

   d.   No promise or representation of any kind or character has been made by the Parties, or by anyone acting on their behalf, to induce the other Party to enter into this Agreement or any other agreement between the parties incorporated by reference herein, other than as stated herein. The Parties have not been forced or pressured in any way to sign this Agreement; and

   e.   Through this Agreement and other related agreements between the parties incorporated by reference herein, Calderon is releasing all of the Releasees from any and all claims for actual and/or alleged violations of the Fair Labor Standards Act (FLSA) or New York Labor Law (NYLL) which were alleged in this Action in exchange for the Settlement Payment described herein. However, this release does not prohibit or bar Calderon from making any statements, providing truthful testimony in any legal proceeding, or from cooperating with, or making truthful disclosures to anyone or any governmental agency in regards to the FLSA and NYLL claims filed.;

   f.   The Parties, knowingly and voluntarily, agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**Royal Elite Palace Caterers LLC**

By: _[signature]_          DATE: 12 / 19 / 2023
Aba Cohen
Its: Managing Member

STATE OF NEW YORK )
           ) ss.:
COUNTY OF New York )

> ADAM SHERMAN
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02SH6407890
> Qualified in New York County
> Commission Expires July 20, 2024

  On the 19th day of December, 2023 before me personally appeared Aba Cohen, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_[signature]_
NOTARY PUBLIC

                     DATE: ___ / ___ / ___

_____
**Alexandra Hiaeve**

STATE OF NEW YORK )
           ) ss.:
COUNTY OF _____ )

  On the ___ day of _____, 2023 before me personally appeared Alexandra Hiaeve, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

**Royal Elite Palace Caterers LLC**

By:_____     DATE: 01/31/24
    Aba Cohen
Its: Managing Member

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK

    On the 31 day of JANUARY, 2023 before me personally appeared Aba Cohen, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                                            _Richard John Richt_____
                                                            NOTARY PUBLIC

_____     DATE: 01/31/24
**Alexandra Hiaeve**

                                                  RICHARD JOHN RICHTER
STATE OF NEW YORK   )               Notary Public, State of New York
                               ) ss.:          No. 01-RI6065346
COUNTY OF NEW YORK                  Qualified in Queens County
                                              Commission Expires 10/15/25

    On the 31 day of JANUARY, 2023 before me personally appeared Alexandra Hiaeve, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                                       _Richard John Richt_____
                                                            NOTARY PUBLIC

_____  DATE: ____/____/____
Roben Katanov

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF Queens        )

On the ____ day of _____, 2023 before me personally appeared Roben Katanov, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

CHARLES D. HARKINS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6217145
Qualified in Queens County
My Commission Expires 02-08-2026

_____  DATE: 2/5/24
Yuri Yonayev

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF Queens        )

On the ____ day of _____, 2023 before me personally appeared Yuri Yonayev, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

CHARLES D. HARKINS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6417145
Qualified in Queens County
My Commission Expires 02-08-2026

6

_____ DATE: 12/19/23
**Aba Cohen**

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF New York )

ADAM SHERMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SH6407890
Qualified in New York County
Commission Expires July 20, 2024

On the 19th day of December, 2023 before me personally appeared Aba Cohen, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

_____ DATE: ___/___/___
**Alicia Calderon**

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _____ )

On the ____ day of _____, 2023 before me personally appeared Alicia Calderon, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

7

_____  DATE: ____/____/____
**Aba Cohen**

STATE OF NEW YORK   )
                                  ) ss.:
COUNTY OF _____ )

On the ____ day of _____, 2023 before me personally appeared Aba Cohen, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

_____  DATE: _1_/_11_/_2024_
**Alicia Calderon**

STATE OF NEW YORK   )
                                  ) ss.:
COUNTY OF Queens )

On the _11_ day of _JANUARY_, 2024 before me personally appeared Alicia Calderon, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

CORINNA MIRIAM SVARLIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SV6442756
Qualified in Queens County
My Commission Expires 10-17-2026

7